Zimmerman, J.
 

 At the outset of this opinion, it is important to note that under the pleadings and the evidence in this case there is no claim or proof of any
 
 express agreement
 
 between plaintiffs and defendant covering the services actually to be performed by plaintiffs
 
 and
 
 the amount they were to receive therefor.
 

 If, under the circumstances disclosed by the evidence, it can be said there was any implied understanding between the parties on the subject of attorney fees, the reasonable deduction is that it would comprehend fees in such amount as might be allowed
 
 *254
 
 and approved by the Probate Court having jurisdiction. See
 
 Trumpler, Admr.,
 
 v.
 
 Royer,
 
 95 Ohio St., 194, 115 N. E., 1018.
 

 The vital and decisive question presented on this appeal is whether attorneys employed to represent an executrix in the administration of an estate, whose employment is terminated without fault on their part, may, in the absence of an express agreement covering services and compensation, recover in an action at law the amount which they might have earned had the relationship of attorneys and client continued until the estate had been fully administered.
 

 The universally recognized rule is that a client may dismiss an attorney from his service at any time, and the existence or nonexistence of a valid cause for the dismissal bears only upon the question of the attorney’s right to compensation or damages. 4 Ohio Jurisprudence, 440, Section 30; 7 Corpus Juris Secundum, 940, Attorney and Client, Section 109; 5 American Jurisprudence, 281, Section 34.
 

 In 7 Corpus Juris Secundum, Attorney and Client, 1028, Section 169, the following statement appears:
 

 “An attorney discharged without cause may generally recover the reasonable value of the services rendered by him to the date of the discharge. In some jurisdictions such a discharge gives rise to an action for breach of contract in which the damages are ordinarily held to be the
 
 agreed contract
 
 price; but under other authorities such discharge does not subject the client to such an action for damages, but confines his liability to the reasonable value of services rendered prior to the date of discharge.” (Emphasis ours.) See, also, 5 American Jurisprudence, 382, Section 202.
 

 "The two Ohio cases cited and commented upon by counsel in their briefs and in oral argument and which deal with the right of an attorney to an award of damages where the client breaches a contract of employ
 
 *255
 
 ment are
 
 Scheinesohn
 
 v.
 
 Lemonek,
 
 84 Ohio St., 424, 95 N. E., 913, Ann. Cas., 1912C, 737, and
 
 Roberts
 
 v.
 
 Montgomery,
 
 115 Ohio St., 502, 154 N. E., 740.
 

 In the
 
 Scheinesohn case
 
 the attorney accepted an account for collection under a specific agreement that his compensation was to be 25% of the amount collected. The client, without good cause and without giving the attorney a reasonable time within which to make collection, took the account away from him. In such circumstances, this court held that a right of action for such breach of contract accrued to the attorneys at once, and, upon proof that the account was collectible, the measure of damages to which the attorney was entitled was the
 
 rate of compensation fixed by the contract and agreed to be paid.
 
 In that case the court stressed the point that “the value of the attorney’s anticipated services had been fixed by the agreement of the parties.”
 

 In the
 
 Roberts case,
 
 the clients had sustained personal injuries in a collision of motor veMeles and entered into written contracts with a firm of attorneys, each of which contracts recited that the attorneys were to receive for their services, in pressing claims for damages, one-third “of whatever amount [is] received by me [the client] in case of trial or settlement.” Thereafter, the clients employed another attorney and later effected a settlement with the insurer of the corporation which had caused their injuries, although at all times their original attorneys were dili- ' gently and in good faith looking after their interests. In an action by the original attorneys to recover damages for the breach of the contracts of employment, tMs court held that they were entitled to
 
 “the percentage of the settlement money designated as compensation in the contract.
 
 ’ ’
 

 In both the
 
 Scheinesohn
 
 and
 
 Roberts cases
 
 there were definite and specific agreements between attorney
 
 *256
 
 and client not only pertaining to the services to be performed and the results to be achieved but fixing the precise amount or measure of compensation to be received by the attorney for the completion of the work undertaken. This, in our opinion, is the factor which distinguishes those cases from the instant one.
 

 As has been previously remarked, in the present case there was no express agreement between the parties relating to the services to be performed
 
 and
 
 the sum to be paid for their rendition.
 

 A long time ago the Supreme Court of Alabama made the following comment in the opinion in the case of
 
 Dickinson
 
 v.
 
 Bradford,
 
 59 Ala., 581, 584, 31 Am. Rep., 23, 25:
 

 “Having entered on the duties of the relation [of attorney and client] without a contract stipulating the measure of compensation, the appellee and his partner had no other legal claim on the appellant than the right to demand of him reasonable compensation for their services.”
 

 Such statement corresponds with the general rule expressed in 7 Corpus Juris Secundum, 1079, Attorney and Client, Section 191, as follows:
 

 “When an attorney renders services, upon request or employment, without any agreement as to his fee, he is entitled to a fair, just and reasonable compensaiton, which is measured by the reasonable value of the services rendered to the client. ’ ’
 

 And in the case of
 
 Gamewell
 
 v.
 
 Killion
 
 (Tex. Civ. App.), 282 S. W., 873, 874, the court held that “where" there is no contract governing the amount of an attorney’s fees, and he is wrongfully discharged before the contemplated services have been fully rendered, he is entitled to recover only reasonable compensation for the services performed.”
 

 See, also, 5 American Jurisprudence, 379, Section
 
 *257
 
 198, and 25 Corpus Juris Secundum, 582, Damages, Section 79.
 

 We can readily understand the disappointment and chagrin experienced by plaintiffs in the loss of a valuable item of business; but in a situation of the kind disclosed here, this court entertains the view that recovery by plaintiffs must be limited to the reasonable value of the services actually performed in pursuance of the employment. The value of such services herein was alleged and conceded to be $880.
 

 Summarizing, a client has the right to discharge an attorney at any time, with or without cause, subject only to the obligation to compensate the attorney, who is without fault, either on the basis of the reasonable value of the services theretofore rendered or according to an express contract as to compensation, if any, between the parties. Where attorney and client have entered into an express contract which covers work to be done or an objective to be accomplished by the attorney and specifies the amount or measure of compensation to be paid therefor, and the client breaches the contract by discharging the attorney or otherwise preventing performance on his part, the attorney may maintain an action on the contract for the breach thereof, and under the rule laid down in the
 
 Scheinesohn
 
 and
 
 Montgomery cases,
 
 the measure of recovery is the compensation expressed in the contract. See, also,
 
 Goodkind
 
 v.
 
 Wolkowsky, Admr.,
 
 132 Fla., 63, 73, 180 So., 538, 543. Compare
 
 Wellston Coal Co.
 
 v.
 
 Franklin Paper Co.,
 
 57 Ohio St., 182, 185, 48 N. E., 888, 889.
 

 In the numerous cases we have examined, which recognize the right of an attorney to damages for the breach of a contract of employment, a situation was presented where there was a contract, often in writing, defining the particular piece of work to be done and stipulating the amount or measure of compensation to be paid for doing it.
 

 
 *258
 
 Because of the conclusion reached, it becomes unnecessary to discuss and decide other questions raised by the parties.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hast, Stewart and Turner, JJ., concur.
 

 Taet, J., not participating.