FOX & ASSOCIATES CO., L.P.A., APPELLEE, *v.* PURDON, APPELLANT.

[Cite as Fox & Associates Co., L.P.A. *v.* Purdon (1989), 44 Ohio St. 3d 69.]

(No. 88-1035—Submitted March 29, 1989—Decided July 5, 1989.)

*H. Charles Wagner* and *Michael J. Ellerbrock,* for appellant.

MOYER, C.J. The defendant-appellant asks that this court depart from a rule established in *Scheinesohn* v. *Lemonek, supra,* and followed in

*Roberts* v. *Montgomery, supra,* paragraph two of the syllabus, in which we held that where it is proven that an express contingency fee contract between a lawyer and a client is breached by the client without just cause, "the measure of damages in such case is not limited to the reasonable value of the services rendered by the lawyers employed prior to the cancellation of the contract," but rather damages should be for the full contract price.

Defendant argues that such a rule has a chilling effect upon the absolute right of a client to discharge an attorney, with or without just cause. We agree, and adopt a rule of law we believe will protect the special and confidential nature of the attorney-client relationship and ensure that an attorney who renders services will be fairly compensated.

Under present Ohio law, a client may dismiss an attorney at any time, but the existence or nonexistence of just cause is relevant with regard to the attorney's right to compensation or damages. See *Bolton* v. *Marshall* (1950), 153 Ohio St. 250, 41 O.O. 270, 91 N.E. 2d 508, paragraph one of the syllabus. Where an express contract exists between the attorney and client, breach of the contract without just cause requires full payment of the contract price, even if the attorney has not yet rendered services. *Scheinesohn* v. *Lemonek, supra.* This rule is based on the premise that *quantum meruit* should not be used as the measure for damages since the client has not been benefited by some service, and yet, the value of the attorney's anticipated services has been fixed by agreement of the parties. The client not only bargains for the performance of the lawyer's services, but also for the fee to be paid for the services. Failure to perform actual services does not constitute a failure of the consideration underlying the promise to represent which is the basis of the promise to pay. See *Dombey, Tyler, Richards & Grieser* v. *Detroit T. & I. Ry. Co.* (C.A. 6, 1965), 351 F. 2d 121, 127. Furthermore, it has been assumed that placing value on attorney services is difficult since such services are not easily apportionable to the time or the labor performed or to be performed in the future. See *Kikuchi* v. *Ritchie* (C.A. 9, 1913), 202 F. 857. This reasoning, however, must be abandoned in view of the contemporary and regulated status of today's attorney-client relationship relative to fees. For instance, the Code of Professional Responsibility, DR 2-106(A) through (C), provides guidelines for determining legal fees. These guidelines serve in large degree to protect the public from exorbitant fees as well as giving attorneys defined parameters in charging for legal services.

The overriding consideration in the attorney-client relationship is trust and confidence between the client and his or her attorney. The right to discharge one's attorney would be of little value if the client were liable for the full contract price. To force such an agreement into the conventional status of commercial contracts ignores the unique, fiduciary relationship created by an attorney's representation of a client. There is nothing more critical to the professional relationship between attorney and client than the trust and confidence of the person being represented. Under the rule of *quantum meruit,* the client is protected since the discharge of an attorney is not always caused by a client's dissatisfaction with the quality of the service rendered but, rather, may result from the client's lack of faith and trust or confidence in the attorney. The client need not show cause or present evidence sufficient to constitute legal malpractice or negligence before discharge can be effectuated.

Neither does the *quantum meruit* rule create a threat that the discharged attorney will not be compensated for services rendered before discharge occurs. The fact that the contract is contingent does not vest the attorney with an interest in the case or affect the right to discharge. An attorney who substantially performs under the contract may be entitled to the full price of the contract in the event of discharge "on the courthouse steps," or just prior to settlement. See *Kaushiva* v. *Hutter* (D.C. App. 1983), 454 A. 2d 1373; *MacInnis* v. *Pope* (1955), 134 Cal. App. 2d 528, 285 P. 2d 688. Similarly, it would be inequitable to force a client who has received no service from the discharged attorney to pay the full price of the contract. Any benefit received by the client through subsequently successful litigation or settlement may have been the result of *in propria persona* representation or representation by new counsel.

We therefore overrule *Scheinesohn* v. *Lemonek, supra,* and *Roberts* v. *Montgomery, supra. Bolton* v. *Marshall, supra,* is also overruled to the extent that it distinguishes between recovery in cases where express contracts exist (full price must be paid), and recovery on the basis of *quantum meruit* in the absence of an express contract.

We hold that where an attorney is discharged by a client with or without just cause, and whether the contract between the attorney and client is express or implied, the attorney is entitled to recover the reasonable value of services rendered prior to the discharge on the basis of *quantum meruit.* See *Fracasse* v. *Brent* (1972), 6 Cal. 3d 784, 100 Cal. Rptr. 385, 494 P. 2d 9.

The new rule strikes the proper balance by providing clients greater freedom in substituting counsel, and in promoting confidence in the legal profession while protecting the attorney's right to be compensated for services rendered. See *Booker* v. *Midpac Lumber Co. Ltd.* (1982), 65 Haw. 166, 649 P. 2d 376; *Plaza Shoe Store, Inc.* v. *Hermel, Inc.* (Mo. 1982), 636 S.W. 2d 53; *Cole* v. *Myers* (1941), 128 Conn. 223, 21 A. 2d 396.

Even prior to today's holding, Purdon had the absolute right to discharge Fox & Associates without proving just cause. The court of appeals erred in ordering a new trial for a showing of just cause, and we accordingly reverse. The law firm was discharged, and under the law enunciated here, the maximum reach of its right to fees, with regard to the client, is the reasonable value of the legal services actually rendered to the date of discharge. The reasonable value of the services rendered by Fox & Associates has not been determined by the trial court. See *Baker* v. *Zikas* (1964), 176 Neb. 290, 125 N.W. 2d 715; see, also, *Myszka* v. *Henson & Henson P.C.* (1984), 170 Ga. App. 878, 318 S.E. 2d 672.

For the foregoing reasons, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.