**BAER, Appellant,**

**v.**

**WOODRUFF, Appellee, et al.**

[Cite as *Baer v. Woodruff* (1996), 111 Ohio App.3d 617.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE11–1412.

Decided June 11, 1996.

618

———

*Christopher Baer, pro se.*

*Hill, Hill & Allison* and *David C. Watson, Jr.,* for appellee Freda Woodruff.

———

Peggy Bryant, Judge.

Plaintiff-appellant, Christopher Baer, appeals from a judgment of the Franklin County Court of Common Pleas awarding him $8,475, plus costs and interest against defendant-appellee, Freda Woodruff.

On January 26, 1994, plaintiff filed a complaint against defendant, asserting that he had an oral contract with defendant to provide legal services to her. Attached to the complaint was a statement for professional services rendered, totalling $9,500. In his complaint, plaintiff sought to recover $9,500 from defendant for breach of contract, or alternatively, $15,000 in quantum meruit for the reasonable value of professional services rendered to her. Defendant responded with an answer, and the matter ultimately was referred to a referee for a hearing.

Following the hearing, the referee issued a report, including findings of fact and conclusions of law. Noting that plaintiff's claim was premised solely on his own testimony and his own estimated value of services rendered to defendant from April 13, 1988 through July 5, 1992, the referee rejected plaintiff's contentions that the fee of $95 an hour in 1988 increased to $125 per hour in the last year services were rendered. Applying a rate of $95 per hour, the referee awarded plaintiff $7,553.75. Reducing that amount by the $100 check defendant sent plaintiff for legal services, the referee found that defendant owed plaintiff $7,453.75, plus interest.

Plaintiff filed objections to the referee's report, supplying the trial court with a copy of the transcript of the proceedings before the referee. On consideration of the objections and transcript, the trial court rejected the referee's recommendation and awarded plaintiff judgment in the amount of $8,475.

Plaintiff appeals, assigning the following errors:

"I. The trial court erred in freezing the hourly rate of compensation at the hourly rate at the beginning of a four year period over which professional services were rendered.

"II. The trial court erred in not granting plaintiff the value of professional services rendered as presented in his statement to client as supplemented by the evidence.

"III. The trial court erred in offsetting $100.00 from the value of professional services rendered."

In his first assignment of error, plaintiff asserts the trial court erred in freezing his rate of compensation at $95 per hour. Plaintiff contends that the hourly rate increased over the course of years he provided legal services to defendant.

Plaintiff testified that the hourly rate of compensation for attorneys increased over the period during which he rendered services to defendant. Plaintiff further testified, however, that although he never discussed with defendant his hourly rate, he thought that "she might have been put on notice of it in terms of other matters that I had represented her on before April of '88." Plaintiff never advised defendant that the hourly rate, established through prior representation, was being increased.

Compensation for services an attorney renders is generally fixed by contract prior to employment. After the fiduciary relationship is established, the attorney has the burden of establishing the reasonableness and fairness of fees. *Climaco v. Carter* (1995), 100 Ohio App.3d 313, 653 N.E.2d 1245. Because plaintiff failed to present evidence that he modified his oral contract with

defendant, which apparently established a rate of $95 per hour for services plaintiff rendered to defendant, the trial court properly refused to increase plaintiff's hourly rate.

Plaintiff's first assignment of error is overruled.

■ In his second assignment of error, plaintiff asserts that the trial court erred in refusing to compensate him on the basis of quantum meruit, rather than for breach of contract. In his complaint, plaintiff specifically sought damages in the amount of $9,500 based on an account, or contract; alternatively, he requested $15,000 on the basis of quantum meruit. Although the trial court granted damages on breach of contract, plaintiff contends that the trial court should have awarded the greater sum which he contends he is entitled to under a quantum meruit theory of recovery.

■ Generally, the rule of law regarding liability on quasi-contracts, or contracts implied in law, has no application if a valid and enforceable contract exists between the parties. *Creighton v. Toledo* (1860), 18 Ohio St. 447. As a result, for years attorneys could recover from a client in a quantum meruit theory only in the absence of an express contract between the attorney and client. *Bolton v. Marshall* (1950), 153 Ohio St. 250, 41 O.O. 270, 91 N.E.2d 508, overruled in part, *Fox & Assoc. Co., L.P.A. v. Purdon* (1989), 44 Ohio St.3d 69, 541 N.E.2d 448. Under that rationale, plaintiff is unable to pursue recovery in quantum meruit because he had an express contract with defendant.

Recently the Supreme Court overruled *Bolton* in part, determining that when the client discharged her attorney retained pursuant to an express contingent fee contract, the attorney was entitled to recover the reasonable value of services rendered prior to discharge on the basis of quantum meruit. *Fox, supra.* While the language of the *Fox* syllabus is not limited to contingent fee contracts, *Fox* nevertheless does not support plaintiff's argument, as the Supreme Court later clarified that the quantum meruit recovery of a discharged attorney is limited to the amount provided for in the disavowed express agreement. *Reid, Johnson, Downes, Andrachik & Webster v. Lansberry* (1994), 68 Ohio St.3d 570, 576, 629 N.E.2d 431, 436. Thus, even if *Bolton* be overruled as it applies to the facts here, under *Reid,* plaintiff may not recover in excess of the amount recoverable under his express agreement with defendant.

■ Plaintiff's second assignment of error also apparently asserts that the trial court erred in not awarding the full $9,500 plaintiff requested for breach of contract. Plaintiff's case is premised on his testimony, documents related to the various legal matters he handled for defendant, and affidavits detailing the hours spent on some of those matters, some at an hourly rate and others for a flat fee. Because the trial court's determination rested solely on plaintiff's testimony, the

court was required to assess plaintiff's credibility in resolving the amount of damages to be awarded to plaintiff. In that regard, the trial court noted not only the inconsistencies between the statement plaintiff sent defendant, a copy of which was attached to plaintiff's complaint, and the affidavits submitted at trial, but also the internal inconsistencies in plaintiff's testimony at trial. With that assessment, the trial court reviewed the evidence from the referee's hearing and awarded plaintiff damages for breach of contract; the amounts awarded plaintiff are supported by the evidence before the court. Because the trial court's determination is supported by competent, credible evidence, we will not reverse that determination. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

For the foregoing reasons, plaintiff's second assignment of error is overruled.

■ In his final assignment of error, plaintiff asserts that the trial court erred in setting off against his damages a $100 payment defendant made to plaintiff for legal services rendered. While plaintiff contends that the trial court misunderstood his testimony, the testimony is subject to the interpretation the trial court gave it. Because the trial court's determination is supported by the evidence, we will not reverse it. Defendant's third assignment of error is overruled.

Having overruled all three assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

BOWMAN and TYACK, JJ., concur.