Robin L. GALEY, Plaintiff–Appellant,

v.

THE MAY DEPARTMENT STORES
CO., doing business as Kaufmann's,
et al ., Defendants–Appellees.

No. 00–3509.

United States Court of Appeals,
Sixth Circuit.

March 15, 2001.

Before NORRIS and DAUGHTREY, Circuit Judges; ZATKOFF, District Judge.*

## ORDER

Pro se Ohio resident Robin L. Galey appeals a district court's grant of summary judgment that dismissed her suit against her former employer. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. See Fed. R.App. P. 34(a).

Proceeding in forma pauperis, Galey sued Kaufmann's, a subsidiary of the May Company department stores, and four individual employees of the May Company. Galey claimed: (1) that she was sexually harassed, in violation of Title VII of the Civil Rights Act of 1964 and Ohio Revised Code § 4112.99; (2) that the defendants retaliated against her in violation of the same statutes; (3) that the defendants vio-

---

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

lated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; and (4) the defendants committed the state law torts of–(a) intentional infliction of emotional distress, (b) defamation, and (c) invasion of privacy.

The district court granted the defendants' motion for summary judgment.

In her timely appeal, Galey has submitted a difficult-to-decipher pro se brief in which she contends that the district court erred: (1) in finding that she made inconsistent and contradictory statements in her summary judgment evidence; (2) by concluding that some of her allegations were implausible, incredible, and unbelievable before discovery was completed; (3) in allowing her attorney to withdraw and then intervene as an interested party; (4) by concluding that she failed to exhaust her claims of retaliation; and (5) in concluding that defendant Neugesser was not a proper party.

As an initial matter, Galey has abandoned her claims under the ADA and all of her state tort claims. Galey waived these issues by failing to brief them. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

█ For the first time on appeal, Galey raises factual allegations that a Kaufmann's employee and the Ohio Civil Rights Commission failed to adequately investigate her claims against the defendants. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *Enertech Elec.,* 85 F.3d at 261. No exceptional circumstances exist in this case, particularly in the light of Galey's attempt to raise new questions of fact in this court. *Taft Broad. Co. v. United States,* 929 F.2d 240, 244 (6th Cir.1991).

█ As a final initial matter, the district court did not err in allowing Galey's retained attorney, whom Galey asked to withdraw, to intervene as an interested party. This court reviews de novo a district court ruling regarding a party's motion to intervene. *Purnell v. City of Akron,* 925 F.2d 941, 945 (6th Cir.1991). An applicant for intervention under Fed. R.Civ.P. 24(a)(2) must show that: (1) the applicant has timely applied to intervene, (2) the applicant has a substantial legal interest in the pending litigation, (3) the applicant's ability to protect that interest is impaired, and (4) the parties before the court do not adequately represent that interest. *Cuyahoga Valley Ry. Co. v. Tracy,* 6 F.3d 389, 395 (6th Cir.1993). The district court properly concluded that retained counsel met these requirements after Galey asked him to withdraw and decided to proceed pro se. *See Fox & Assocs. Co. v. Purdon,* 44 Ohio St.3d 69, 541 N.E.2d 448, 450 (1989) (concluding that, under Ohio law, an attorney who has been discharged by his or her client is entitled to recover the reasonable value of services rendered prior to discharge on the basis of quantum meruit).

This court reviews a grant of summary judgment de novo, using the same test used by the district court. *See Harrow Prods., Inc. v. Liberty Mut. Ins. Co.,* 64 F.3d 1015, 1019 (6th Cir.1995). Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

█ We affirm the grant of summary judgment for the reasons stated in the district court's March 29, 2000, memorandum of opinion. The district court provided a detailed recitation of Galey's allegations, which vary wildly within her summary judgment evidence. The record reveals that the district court did not err in finding a portion of Galey's summary judgment evidence to be implausible. A

court need not give credence to "mere allegations," or draw inferences where they are implausible or not supported by "specific facts." *See Anderson,* 477 U.S. at 249, 106 S.Ct. 2505; *see also Mitchell v. Toledo Hosp.,* 964 F.2d 577, 585 (6th Cir. 1992). The summary judgment paradigm requires a court to draw and respect only reasonable inferences; a court need not regard that which is farfetched or fantastic. *See Sheinkopf v. Stone,* 927 F.2d 1259, 1262 (1st Cir.1991).

■ Galey's summary judgment evidence that is not implausible does not rise to the level of showing a hostile work environment. In order to establish a hostile work environment claim, an employee must show the following: (1) the employee is a member of a protected class, (2) the employee was subject to unwelcomed sexual harassment, (3) the harassment was based on the employee's sex, (4) the harassment created a hostile work environment, and (5) the employer failed to take reasonable care to prevent and correct any sexually harassing behavior. *Williams v. Gen. Motors Corp.,* 187 F.3d 553, 560–61 (6th Cir.1999).

■ A hostile work environment occurs "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotations and citations omitted). Both an objective and a subjective test must be met: the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive and the victim must subjectively regard that environment as abusive. *Id.* at 21–22, 114 S.Ct. 367. Isolated incidents, however, unless extremely serious, will not

amount to discriminatory changes in the terms or conditions of employment. *See Morris v. Oldham County Fiscal Court,* 201 F.3d 784, 790 (6th Cir.2000). Appropriate factors for the court to consider when determining whether conduct is severe or pervasive enough to constitute a hostile work environment "include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris,* 510 U.S. at 23, 114 S.Ct. 367. Sexual harassment claims under Ohio Revised Code § 4112.02 are subject to the same standards applicable to federal harassment claims brought under Title VII. *Courtney v. Landair Transp., Inc.,* 227 F.3d 559, 563 (6th Cir.2000).

The summary judgment evidence, taken as a whole, reveals Galey's strong subjective belief that she was the victim of sexual harassment; nevertheless, the record is devoid of competent summary judgment evidence of discrimination that is severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive.

■ The record also reveals that the district court did not err in concluding that Galey failed to exhaust her Title VII retaliation claim. A plaintiff must exhaust her administrative remedies before filing a Title VII claim in federal court. *See Haithcock v. Frank,* 958 F.2d 671, 675 (6th Cir.1992).

■ The district court properly concluded that Galey was not required to exhaust her retaliation claim brought under Ohio Rev.Code § 4112; nevertheless, the court also properly concluded that Galey failed to show retaliation. In reviewing retaliation claims, Ohio courts look to federal case law. *See Barker v. Scovill,*

*Inc.,* 6 Ohio St.3d 146, 451 N.E.2d 807, 809 (1983). To make a prima facie case of retaliation, the plaintiff must show: (1) the employee engaged in protected activity, (2) an adverse employment action occurred, and (3) a causal link exists between the protected activity and the adverse action. *Workman v. Frito–Lay, Inc.,* 165 F.3d 460, 469 (6th Cir.1999). As the district court properly concluded, the only employment action taken as a result of Galey's complaints of sexual harassment was a transfer from one Kaufmann's store to another. This is insufficient. *See, e.g., Kocsis v. Multi–Care Mgmt.,* 97 F.3d 876, 885 (6th Cir.1996) (holding that reassignment, without more, does not ordinarily constitute adverse employment decisions in employment discrimination cases).

Finally, the district court properly concluded that defendant Neugesser was not a proper party. First, individual employees cannot be held liable under Title VII. *See Wathen v. Gen. Elec. Co.,* 115 F.3d 400, 406 (6th Cir.1997). Second, Neugesser cannot be held liable under Ohio Rev.Code § 4112.02, for his conduct alone could not have brought about an environment that was objectively offensive, one that a reasonable person would find hostile or abusive.

For the foregoing reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.