ACCELERATED JOURNAL ENTRY AND OPINION
¶ 1 This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. Appellants appeal the trial court's grant of partial summary judgment in favor of plaintiffs-appellees.
¶ 2 The sole question before us is whether the trial court erred in granting appellees' motion for partial summary judgment as to the issue of liability under a professional services contract.
¶ 3 After filing suit seeking attorney fees, appellees filed a motion for partial summary judgment, seeking an order from the trial court that a contract existed between appellants and appellees, that appellees performed legal services and advanced expenses, and that appellees were entitled to compensation for the services performed and expenses advanced.
¶ 4 We find that the trial court properly granted partial summary judgment in favor of appellees. Reviewing the motion for partial summary judgment de novo, and construing the evidence most strongly in favor of the appellants, we find that there is no genuine issue as to any material fact, that reasonable minds can come to but one conclusion and that the conclusion is adverse to the appellants. Appellees and appellants did enter into a contract for legal services, appellees did perform legal services before being discharged by appellants and appellants are liable under the contract. Fox Assoc. Co., L.P.A. v.Purdon (1989), 44 Ohio St.3d 69. Therefore, appellees are entitled to judgment as a matter of law. Civ.R. 56(C), (D).
Judgment is affirmed.
It is ordered that appellees recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and JAMES D. SWEENEY, J., CONCUR.