{¶ 26} I respectfully, yet reluctantly, dissent from the majority opinion. Reluctantly, because I find the amount of fees awarded by the trial court and affirmed by the majority seems fair and reasonable given the nature of the underlying charge. I, nevertheless, dissent because I disagree with the legal analysis the trial court and my colleagues used to reach their decisions.
 {¶ 27} The trial court found, "He [appellant] estimated that the total charges would not exceed $4,000.00" (June 10, 2005 Judgment Entry at pg. 2, unpaginated). The majority concludes, "Although appellant's estimate of fees was not a `maximum' or `limit' on fees, the record supports the conclusion that appellant gave an estimate that the fee would not exceed $4,000.00" (Majority Opinion at para. #20).[1]
 {¶ 28} Although appellant denied giving any estimate at the time of the initial consultation at which the fee agreement was made, appellee testified, "I retained Mr. Lehmkuhl, and he told me his price would be 160 and [sic] hour, and if it was settled before it went to Court, the retainer should take care of it; anything after that would be around — between $3500.00 and $4000.00 Dollars." (Tr. at pg. 61, lines 14-17).
 {¶ 29} Contrary to the finding by the trial court and the conclusion of the majority, I do not find appellee's testimony supports the legal determination appellant gave an estimate the fees would not exceed $4,000.00. I agree with appellant, as argued in his second assignment of error, the trial court erred in treating the fee estimate as a maximum or limit. Even if appellant provided appellee an estimate of $3500.00 — $4,000.00, appellee still agreed to pay appellant $160.00 per hour. Any estimate was just that, an estimate.
 {¶ 30} Having concluded the estimate was not a maximum or limit of fees, I would then turn to appellant's third assignment of error. In that assignment, appellant maintains the trial court erred in failing to award him adequate compensation for the services rendered based upon the doctrine of quantum meruit.
 {¶ 31} Quantum meruit is generally awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of services rendered. Fox Associates Co., L.P.A. v. Purdon (1989), 44 Ohio St.3d 69;Rice v. Wheeling Dollar Savings Trust Co. (1951),155 Ohio St. 391. To prove quantum meruit, a plaintiff must demonstrate: (1) a benefit conferred upon the defendant; and (2) the circumstances render it unjust to permit the defendant to retain the benefit without making payment therefor. National City Bankv. Fleming (1981), 2 Ohio App.3d 50; Rice, supra at 397.
 {¶ 32} The matter herein proceeded to trial on a stipulated record. The only issue for the trial court to determine was whether the expenses were necessary. Appellee stipulated appellant's "services were fair and reasonable." (Tr. at 4, lines 142-6). Prior to the commencement of trial on the DUI charge, appellee had paid appellant $4,800. Appellant billed appellee on a monthly basis. Appellee received these invoices, and never questioned the necessity of the services or challenged the reasonableness of the charges. Even after appellee had reached and paid the fee "maximum", he continued to receive services from appellant without rejecting them and with full knowledge of the amount of time and expenses associated therewith. Appellee continued to receive the benefit of appellant's services as reflected in the monthly statements.
 {¶ 33} As stated supra, the only issue contested was the necessity of the services. The only service the trial court found to be unnecessary was the pre-conviction appeal, for which appellant charged appellee $1,700. Appellant concedes those charges were unnecessary and does not seek payment for them. The trial court's specific finding the pre-conviction appeal was unnecessary suggests the trial court found the remaining services rendered by appellant to appellee to be necessary.
 {¶ 34} Accordingly, I would sustain appellant's third assignment of error.
 {¶ 35} Given my resolution of appellant's second and third assignments of error, I would find appellant's first and fourth assignments of error to be moot.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] Neither the trial court nor the majority identity where in the record appellant said the fee would not exceed $4,000.00.