OPINION
{¶ 1} The within are three appeals from judgments of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, which found appellant David B. Stokes, an attorney, and his client, Michelle Johnson had engaged in frivolous conduct, and ordered them to pay attorney fees and costs attributable to the matter. The court also ordered Johnson to pay attorney fees and costs attributable to two contempt motions brought against her.
 {¶ 2} Plaintiff appellee Karen Butts brought this action for visitation with her grandson, who is Johnson's son. Appellee's son was never married to Johnson, but was determined to be the child's biological father. He is deceased. Appellee filed her complaint on February 14, 2003 when the child was an infant. On May 23, 2003, the trial court entered an agreed judgment entry granting companionship to appellee pursuant to an agreement between the parties. By July of 2003, the magistrate was strongly advising the parties to get counseling to address issues about their relationship.
 {¶ 3} The following is a summary of the pertinent filings in this case:
02/14/03-Appellee's complaint filed.
03/19/03-Stokes' notice of representation and motion for extension of time to answer.
05/23/03-Judgment entry granting companionship to appellee pursuant to agreement of parties.
07/22/03-Magistrate's temporary orders scheduling visitation [strongly advising the parties to get counseling to address issues about their relationship].
07/31/03-Stokes' motion to vacate magistrate's order of 07/22/03.
08/21/03-Judgment entry overruling motion to vacate.
04/28/04-Magistrate's sua sponte order for hearing to review compliance with the visitation order [indicating possible problems].
05/11/04-Stokes' motion to vacate or stay magistrate's order pending disposition of step-parent adoption.
05/27/04-Judgment entry overruling motion to vacate or stay.
06/01/14-Stokes' motion to reconsider.
06/02/04-Judgment entry overruling motion to reconsider.
06/10/04-Magistrate's order finding noncompliance with visitation order and ordering supervised visitation out of the presence of Stokes' client.
6/16/04-Stokes' motion for transcript and motion for extension of time for preparation of transcript.
06/21/04-Judgment entry granting extension of time.
06/25/04-Stokes' motion to set aside magistrate's order of 06/10.
07/08/04-Judgment entry overruling the motion to set aside [warning Stokes and his client the court is losing patience with their efforts to subvert the court's orders via efforts to vacate or stay its orders].
10/07/04-Magistrate's order establishing visitation schedules and setting a hearing date for review of progress.
10/15/04-Stokes' motion to set aside magistrate's order or request for a different magistrate to hear the case, alleging bias of current magistrate.
10/26/04-Appellee's motion for sanctions for frivolous conduct and to strike an attachment to Stokes' motion.
12/10/04-Magistrate's order sua sponte continuing the hearing on the motions until 02/18/05.
12/15/04-Appellee's motion for a finding of contempt.
01/13/05-Judgment entry overruling Stokes' motion to replace magistrate; overruling Stokes' motion to vacate: sustaining appellee's motion to strike; sustaining appellee's motion for frivolous conduct and remanding it to the magistrate for evidentiary hearing; order for psychological evaluation of Stokes' client.
01/14/05-Stokes' client's affidavit of indigency and motion for appointed counsel for contempt and frivolous conduct matters.
01/20/05-Appellee's second motion for a finding of contempt.
02/14/05-Stokes' motion to continue pending ruling by the court on the motion to appoint counsel for the contempt and frivolous conduct matters.
02/17/05-Judgment entry overruling Stokes' motion to continue and his client's motion for court appointed attorney because Stokes is attorney of record.
03/11/05-Magistrate's decision finding Stokes' client in contempt on appellee's December and January motions; awarding appellee attorney fees from both Stokes and his client; awarding appellee the costs of the contempt actions and costs attributable to the motion for sanctions and both contempt actions.
03/18/05-Magistrate's amended order correcting mistakes in identification of parties.
03/24/05-Stokes' motion in branches to withdraw, noting the possible perception of conflict between his interests and those of his client; request to file Stokes' own objections to the magistrate's order; motion for a transcript of the hearing; motion for court appointed counsel for client; motion for continuance; motion to remand to magistrate for further consideration of the results of his client's psychological tests; motion to vacate magistrate's order Stokes' client may not be present during appellee's visitation.
03/29/05-Appellee's motion for expedited relief.
04/13/05-Stokes' motion for record of hearing.
04/14/05-Judgment entry sustaining Stokes' motion to withdraw; overruling motions for appointed counsel, enlargement of time, remand, and denying the request to be present at the visitations.
04/18/05-Stokes' motion to vacate prior order and accept his objections to the magistrate's order; objections to magistrate's order [on his client's and his own behalf]; and motion for clarification of the prior order.
04/22/05-Stokes' Motion to vacate and stay all visitation orders for lack of jurisdiction, because of the filing of the step-parent adoption petition, and for recording all subsequent hearings.
04/26/05-Appellee's motion for a finding of contempt against Stokes' former client and her husband.
04/26/05-Judgment entry ordering all pleadings filed by Stokes be stricken as of 04/14, the date the court permitted him to withdraw.
04/29/05-Stokes' motion to vacate the 04/26 entry pursuant to Civ.R. 60(B).
06/02/05-Judgment entry overruling the Civ.R. 60(B) motion; sustaining the motion to clarify, accepting Stokes' objections to the magistrate's decision as they relate to him; finding the motion for record of the hearing is moot; overruling Stokes' objections to the magistrate's order of 03/11 and 03/18/05.
06/21/05-Judgment entry extending time for Stokes' former client to file objections because of new counsel.
10/11/05-Judgment entry overruling the objections to the magistrate's decision; affirming the magistrate's decision on the contempt charges; and adopting the magistrate's computations of attorney fees and costs for the frivolous conduct.
 {¶ 3} In appellate case 05CA54, Stokes appeals the judgment of 04/14 and 04/26/05; 05CA65 relates to the court's judgment of 06/02/05; and 05CA115 addresses the judgment of 10/11/05.
 {¶ 4} In case 05CA54 and 05CA65 Stokes assigns six errors to the trial court:
 {¶ 5} "I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY AWARDING JUDGMENT TO APPELLEE AND AGAINST DEFENDANT-MOTHER AND APPELLANT HEREIN IN THE AMOUNT OF COURT COSTS ASSOCIATED WITH THE TWO (2) CONTEMPT MOTION AND FRIVOLOUS CONDUCT MOTION, AS WELL AS RELATED ATTORNEY FEES.
 {¶ 6} "II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY GRANTING APPELLEE'S MOTION FOR FRIVOLOUS CONDUCT AND ATTORNEY FEES.
 {¶ 7} "III. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY PROCEEDING IN THE CASE BELOW AFTER COMING AWARE OF THE STEP-PARENT ADOPTION (I.E. LOST JURISDICTION).
 {¶ 8} "IV. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY AWARDING JUDGMENTS AGAINST DEFENDANT-MOTHER AND THIS APPELLANT.
 {¶ 9} "V. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN ITS RULINGS ON THIS APPELLANT'S OBJECTIONS FILED APRIL 18, 2005.
 {¶ 10} "VI. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY FAILING TO REMAND THE ISSUE OF DEFENDANT-MOTHER'S PSYCHOLOGICAL EVALUATION TO THE MAGISTRATE."
 {¶ 11} In case number 05CA115 Stokes assigns six errors to the trial court:
 {¶ 12} "I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY AWARDING JUDGMENT TO APPELLEE AND AGAINST DEFENDANT-MOTHER AND APPELLANT HEREIN IN THE AMOUNT OF COURT COSTS ASSOCIATED WITH THE TWO (2) CONTEMPT MOTIONS AND FRIVOLOUS CONDUCT MOTION, AS WELL AS RELATED ATTORNEY FEES.
 {¶ 13} "II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY GRANTING APPELLEE'S MOTION FOR FRIVOLOUS CONDUCT AND ATTORNEY FEES.
 {¶ 14} "III. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY PROCEEDING IN THE CASE BELOW AFTER BECOMING AWARE OF THE STEP-PARENT ADOPTION.
 {¶ 15} "IV. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY AWARDING JUDGMENTS AGAINST DEFENDANT-MOTHER AND THIS APPELLANT.
 {¶ 16} "V. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN ITS RULINGS ON THIS APPELLANT'S OBJECTIONS FILED APRIL 18, 2005.
 {¶ 17} "VI. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY FAILING TO REMAND THE ISSUE OF DEFENDANT-MOTHER'S PSYCHOLOGICAL EVALUATION TO THE MAGISTRATE."
 {¶ 18} The assignments of error tend to overlap, but the appeals can be roughly summarized as: (1) the trial court's interpretation of Stokes' motion to withdraw from representing Johnson; (2) a challenge to the trial court's jurisdiction; and (3) the finding of frivolous conduct and imposition of sanctions.
 The Motion to Withdraw {¶ 19} Many of Stokes' assignments of error address the trial court's interpretation of his March 24, 2005 motion to withdraw from representing his client, which Stokes made after the court found he and Johnson had engaged in frivolous conduct.
 {¶ 20} The motion itself was in several branches. Branch one states: "the undersigned moves the court for permission to withdraw as counsel for defendant (and third party defendant, husband of defendant) for purposes of filing objections to the magistrate's decision filed March 11, 2005, and the amended magistrate's decision filed March 18, 2005." The memorandum in support of this branch states: "the magistrate's decision filed on March 11, 2005 and/or March 18, 2005, may be perceived to create interests to the undersigned and defendants which are adverse to each other. Thus, the court should permit withdrawal to permit defendant/or third-defendant to file objections of her/their own."
 {¶ 21} On April 14, 2005 the court sustained the motion to withdraw. Stokes maintains he intended to withdraw from representing Johnson and her husband only as to the issues of frivolous conduct and sanctions. Stokes urges the trial court overruled his motion to clarify its earlier reasoning, but in fact, the court did clarify its decision regarding the withdrawal. In its entry clarifying its earlier judgment, the court found there is no such thing as "selective withdrawal" whereby an attorney can pick and choose in which part of the client's case he or she wishes to represent the client. The court stated it granted leave to withdrawal from representation of the defendant and third-party defendant, period.
 {¶ 22} We find the court did not err in deeming the withdrawal to be from the entire case. In Smith v. Conley,109 Ohio St. 3d 141, 2006-Ohio-2035, 846 N.E. 2d 509, the Ohio Supreme Court held an attorney-client relationship is based upon trust and the overriding consideration in the relationship is the confidence between the client and/or his attorney, citing Fox Associates Company L.P.A. v. Purdon (1989), 44 Ohio St. 3d 69,541 N.E. 2d 448. The court found the withdrawal of an attorney from representation is covered at least in part by the Code of Professional Responsibility. DR2-110 lists circumstances under which an attorney must or may withdraw from representation, although pursuant to DR2-110 (A)(2), an attorney may not withdraw without first guarding the client's welfare and allowing time for the client to employ other counsel, Id. An attorney-client relationship includes the duty of vigorous representation, but does not require the pursuit of frivolous actions, DR7-101 and DR7-102.
 {¶ 23} As the trial court noted on several occasions, this matter was a simple action for grandparent visitation. Stokes and Johnson represented the parties had reached an agreement in the matter, but immediately began to oppose the visitation order. The frivolous conduct permeated the entire case. Once Stokes' interests diverged from Johnson's, he could not continue to represent her.
 {¶ 24} We find the trial court did not err in construing Stokes' motion to withdraw as a withdrawal from the entire case.
 Jurisdiction {¶ 25} On April 22, 2005, Stokes filed a motion to terminate all visitation privileges and orders between appellee and the minor child, and to vacate all such orders and judgment because Johnson's husband Derrick had filed a petition to adopt the minor child. Stokes argued the trial court lost jurisdiction to proceed in the case.
 {¶ 26} The trial court sustained Stokes' motion to withdraw as of April 14, 2005. The court struck all subsequent pleadings Stokes filed. Stokes maintains a motion is not a "pleading" under the Civil Rules, but it is clear the court meant any document. Accordingly, we find there was no such motion properly before the court.
 {¶ 27} On April 29, 2005, Stokes filed a motion pursuant to Civ. R. 60 (B)(1), mistake, and/or (5), any other reason justifying relief. Once again, we find the motion was not properly before the court. Further, we find Stokes has no standing to raise this issue on appeal because it does not relate to the judgment against him.
 Frivolous Conduct and Sanctions {¶ 28} Throughout the case in the trial court and throughout Stokes' assignments of error the continuing issue in the case is the court's finding he and his client had engaged in frivolous conduct and should be sanctioned.
 {¶ 29} The court remanded the matter to the magistrate for an evidentiary hearing. The magistrate found appellee had not been permitted to visit with the minor child since the last review hearing. The magistrate found appellee had been ready, willing and able to exercise her visitation, but Johnson had not complied with the court's order in any respect. The magistrate found by clear and convincing evidence Johnson's noncompliance with the court's orders was unambiguous, unequivocal, and deliberate.
 {¶ 30} The magistrate noted the parties represented they had settled the issue less than three months after the complaint was filed, but from the outset and on a continuing basis at all times thereafter, Johnson had deliberately and intentionally failed to comply with the grandparent visitation orders. The magistrate found there had been no complicated legal or procedural issues, and found Johnson entered into an agreement she did not intend to honor. The magistrate found Johnson had committed a fraud upon the court when she executed the settlement agreement.
 {¶ 31} The magistrate found Stokes had facilitated Johnson's obstructive and contemptuous conduct in the case, by moving to vacate practically every order except the original agreed judgment entry settling the matter. The magistrate found Stokes had deliberately acted to defeat the intent of the court orders at every step of the case.
 {¶ 32} The court found the overall course of conduct in obstructing the effect of the court's orders to implement an agreed settlement constituted frivolous conduct.
 {¶ 33} R.C. 2323.51 defines frivolous conduct as conduct of a party to a civil action which either obviously serves to harass or maliciously injury another party to the civil action or appeal, or which is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law.
 {¶ 34} Civ. R. 11 provides a signature of an attorney or pro se party constitutes a certificate by the attorney or party that: (1) the attorney or party has read the document; (2) to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and (3) the document is not intended to delay the proceedings. A willful violation of Civ. R. 11 permits the court, either on motion of a party, or sua sponte, to take appropriate action including an award of the opposing party's expenses and attorney fees.
 {¶ 35} We have reviewed the voluminous record on appeal, and we find there is sufficient competent and credible evidence contained in the record from which the court could conclude Stokes had engaged in frivolous conduct intended to harass appellee and delay her court-ordered visitation with her grandson.
 {¶ 36} In light of the foregoing, each of appellant's assignments of error is overruled in whole, and the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed. Costs to appellant.