DECISION
Defendant-appellant, Laura M. Peterman, appeals from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Tobias H. Elsass, in the amount of $7,184.83 on plaintiff's claim for money damages.
On August 16, 1996, plaintiff filed a complaint against defendant seeking damages arising out of an agreement entered into between plaintiff and defendant on March 4, 1995. The matter ultimately was referred to a magistrate pursuant to Civ.R. 53 and Loc.R. 99.02 for a jury-waived trial which was held on November 16, 1998.
According to the magistrate's findings of fact, plaintiff and defendant, both licensed attorneys, entered into a written agreement, effective March 1, 1995, under which defendant began working for plaintiff. Pursuant to the agreement, from March 1995 to September 1995, defendant received her salary in the amount of $25,000 plus twenty-five percent of the money remitted from her clients. From September 1995 to December 20, 1995, she received her salary in the amount of $30,000 plus twenty-five percent of the money remitted from her clients. Plaintiff received the remaining seventy-five percent of the money collected from defendant's clients. Pursuant to the agreement, defendant was not responsible for overhead expenses such as rent, utilities, copying costs, office supplies, and support staff from March 1, 1995 to January 1996.
Effective December 20, 1995, plaintiff was suspended from the practice of law and could not bill clients after January 1996. Defendant agreed to work during the wind down period between December 20, 1995 and January 20, 1996. Plaintiff stopped paying defendant's salary on or about January 18, 1996, and defendant was responsible for her own expenses after January 20, 1996.
From December 20, 1995 to June 1996, defendant occupied space in plaintiff's law office and practiced as a sole practitioner. Between January 21, 1996 and June 30, 1996, plaintiff performed law clerk services for defendant during his suspension. Defendant collected $16,446.44 after December 20, 1995 for legal services rendered prior to December 20, 1995. Because of his suspension, plaintiff could not bill his clients after January 20, 1996, and plaintiff could only be paid for work done during the time he had a valid license.
After considering all of the evidence, the magistrate determined that because defendant had collected $16,446.44 after December 20, 1995 for legal services rendered prior to that date, she owed plaintiff seventy-five percent of that amount. At the same time, she concluded that (1) plaintiff owed defendant $3,000 for work defendant had performed on a case in the office, and (2) defendant had paid plaintiff $2,200, representing a portion of the money she owed him. The magistrate determined those amounts should be offset against the fees defendant owed plaintiff. She further awarded plaintiff $50 to compensate for replacing a keyboard damaged by defendant's secretary. Accordingly, the magistrate rendered judgment for plaintiff in the amount of $8,484.83, based on the following calculation: seventy-five percent of $11,246.44 ($16,446.44 minus $5,200), plus $50 for the keyboard.
The parties filed objections to the magistrate's decision, but supplied the trial court with no transcript of the proceedings before the magistrate. In considering the objections, the trial court modified only the damages award. Noting that defendant collected $16,446.44, the court found defendant should have paid plaintiff seventy-five percent of that amount. As the trial court stated, "Defendant did pay Plaintiff $2,200.00 which is 75% of $2,933.33. Therefore Plaintiff is entitled to receive 75% of $13,513.11 ($16,446.44 — $2,933.33) which is $10,134.82." (Trial Court Decision page 2.) Further noting that plaintiff owed defendant $3,000 for work defendant performed, and defendant owed plaintiff $50 for replacement of a computer keyboard, the trial court rendered judgment to plaintiff, after all setoffs, in the amount of $7,184.83.
Defendant appeals, assigning a single error:
 THE COURT ERRED AS A MATTER OF LAW IN FINDING PETERMAN OWED MONEY TO ELSASS FOR FEES SHE COLLECTED AFTER JANUARY 18, 1996.
In her single assignment of error, defendant contends the trial court erred in finding she owed plaintiff for fees she collected after January 18, 1996. Before addressing the merits of the assigned error, we note that according to Civ.R. 53(E)(3)(b), a "party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Moreover, any "objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Id. Here, although defendant filed objections to the magistrate's decision, she did not file a transcript of the proceeding before the magistrate, nor an affidavit of the evidence. Defendant waived any error in the magistrate's findings of fact. Accordingly, the trial court did not err in adopting the magistrate's findings of fact and determining the merits of defendant's objections based on those findings.
To the extent defendant objected to the conclusions of law in the trial court, however, those objections are preserved for appeal. As in the trial court, defendant contends she was not bound by her agreement with plaintiff. The agreement, as relevant here, stated:
 Tobias H. Elsass, (hereinafter referred to as "Employer") and Laura M. Peterman, (hereinafter referred to as "Employee") hereby acknowledge by their signatures below, the following agreement for employment:
 Employee hereby agrees that her starting date for employment with Employer is March 1, 1995. * * *
 It is further agreed between Employer and Employee that Employee shall be compensated at an annual salary of $25,000.00 per year, plus 25% of the gross proceeds of Employee's own cases, payable to Employee upon receipt of said proceeds. Employer agrees to guarantee to Employee a salary of at least $35,000.00 per year. * * *
 Employer and Employee further agree that this is not a contract. This agreement is merely an understanding of an arrangement and compensation for the Employee for a period of twelve months commencing March 1, 1995.
"* * * To be binding in law, an agreement must be definite and certain. An offer must be so definite in its terms, or must require definite terms in the acceptance, that the promises and performances to be rendered by each party are reasonably certain."Karkomi v. Americare Corp. (Sept. 25, 1990), Franklin App. No. 89AP-1116, unreported. Here, despite language in the agreement suggesting to the contrary, the agreement contained specific obligations and duties the parties owed to each other: plaintiff was to provide an annual salary and a work place to the defendant for a period of twelve months, in exchange for which plaintiff would receive seventy-five percent of gross proceeds of defendant's own cases.
Defendant insists that she had an agreement with plaintiff, but no contract. She draws a distinction without a difference. An agreement is a contract if it is definite and certain, has the requisite offer and acceptance, and is supported by sufficient consideration, all of which are present here. Indeed, defendant concedes the parties were bound: "Neither party was bound to the other except during the employment relationship." (Defendant's Brief, p. 10.) Given that acknowledgement, defendant disputes the date the employment relationship terminated, contending it ended on plaintiff's suspension on December 20, 1995. Defendant, however, concededly accepted the benefit of the agreement beyond that date, as she admits plaintiff paid defendant a salary until January 1996.
Defendant next contends that because the magistrate found the parties did not intend to be bound, the trial court, without a transcript, could not determine otherwise. The magistrate's decision is somewhat confusing, largely due to the nature of the agreement between the parties. While at one point in the agreement the parties acknowledge their obligations to each other, in a subsequent paragraph they disclaim the contract and prefer to refer to their agreement as an arrangement for employment. Similarly, the magistrate's decision found the parties did not intend to be bound by the agreement, but further noted that "it is undisputed that that [sic] the parties intended for Defendant, as an employee of Plaintiff, to receive a salary and 25% of her account receivables and Plaintiff was to receive 75% of Defendant's account receivables." (Magistrate's Decision, p. 7.) Given the face of the magistrate's decision, which incorporated the agreement between the parties, the trial court could properly determine that, regardless of the sentiment expressed in the document, the parties had entered into a binding employment relationship pursuant to which plaintiff was entitled to seventy-five percent of the money defendant earned on her cases preceding plaintiff's suspension.
Defendant next seems to suggest that because money was received after defendant's suspension and the termination of her relationship with plaintiff, she need not compensate plaintiff according to the agreement. To the contrary, plaintiff legally is entitled to seventy-five percent of defendant's account receivables collected, following termination of their agreement, for services rendered prior to December 20, 1995. Shapiro v.Attorney General of Ohio (1997), 124 Ohio App.3d 476, 479 (holding that the plaintiff was entitled, under the language of the agreement, to be compensated for work completed during the contract period, but collected after the period terminated). Nor does plaintiff's suspension ethically preclude his entitlement to fees collected for services rendered prior to December 20, 1995.Columbus Bar Assoc. Advisory Opinion (Feb 17, 1989), 89-002 (stating that "[a] lawyer may share fees with a suspended or disbarred lawyer if the fee-sharing agreement were made prior to suspension or disbarment and the fee is divided on the basis of work performed prior to the suspension or disbarment").
Further, the agreement is not illusory. A "contract is illusory only when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory." First Capital Corp. v. G J Industries, Inc.
(1999), 131 Ohio App.3d 106, 115, citing Domestic Linen v. KenwoodDealer Group (1996), 109 Ohio App.3d 312, 316. Here, by contrast, both parties were obligated to specific terms under the agreement; neither was left with the unlimited right to determine the extent of performance. Accordingly, the agreement is not illusory. Lakotav. Westfield Ins. Co. (1998), 132 Ohio App.3d 138.
Finally, the trial court did not err in modifying the damages. The trial court pursuant to Civ.R. 53(E) is required to review the magistrate's decision, and even in the absence of objections, determine if an error exists on the face of the document. Here, the error in calculations was apparent on the face of the magistrate's decision, and the trial court did not err in correcting the error.
For the foregoing reasons, defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 ________________________________ BRYANT, PRESIDING JUDGE
BOWMAN, P.J., and TYACK, J., concur.