SKIDMORE AND ASSOCIATES COMPANY, L.P.A., Appellee,

v.

SOUTHERLAND et al., Appellants.

[Cite as *Skidmore & Assoc. Co., L.P.A. v. Southerland* (1993), 89 Ohio App.3d 177.]

Court of Appeals of Ohio,
Summit County.

No. 16014.

Decided Aug. 18, 1993.

*Brian K. Skidmore,* for appellee.

*Frank E. Steel, Jr.,* for appellants.

---

COOK, Presiding Judge.

Skidmore & Associates Co., L.P.A. ("the law firm") sued Joseph and Janice Southerland ("the clients") for unpaid legal fees. The clients assign as error the granting of summary judgment to the law firm. We find that summary judgment was erroneously granted for two reasons. First, the court had no cognizable evidence of the amount claimed to be due. Second, even if the amount claimed were properly evidenced, the opposing affidavit of the clients set up issues of fact as to (1) whether the "fee agreement" letter was the entire agreement between the law firm and the clients, and (2) whether the fees claimed were reasonable.

In deciding that the law firm was entitled to summary judgment, the trial court relied on the "fee agreement" letter from the law firm to the clients which set the hourly rate at $150, and the firm's itemized bills attached to the motion for summary judgment which showed $6,121 to be unpaid. The dictates of Civ.R. 56 allowed the court to properly consider the letter but not the bills. The law firm attached the letter to the complaint as required by Civ.R. 10(D). The clients admitted in their answer they had agreed to the terms of that letter and Civ.R. 56(C) approves consideration of such pleading admission. By contrast, the law firm's itemized bills, unreferenced in the attorney's affidavit, were not cognizable under Civ.R. 56(C). The rule specifies exactly what evidence may be considered in rendering summary judgment:

" * * * pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact * * *."

The term "pleading" in the rule does not encompass attached exhibits. The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E). See, *e.g., State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 467, 20 O.O.3d 388, 392–393, 423 N.E.2d 105, 111–112. Given that the law firm's bills were not properly submitted for summary judgment consideration, the record included no evidence of the amounts due and unpaid. This defect was brought to the attention of the trial court in the clients' memorandum filed prior to the court reconsidering its ruling on the motion for summary judgment. It was also properly raised on appeal. Summary judgment cannot, therefore, be upheld. If, however, the clients had not raised the inadmissibility issue with the trial court, the court could have, in its sound

discretion, elected to consider the documents. *Lytle v. Columbus* (1990), 70 Ohio App.3d 99, 104, 590 N.E.2d 421, 424–425; *Brown v. Ohio Cas. Ins. Co.* (1978), 63 Ohio App.2d 87, 90–91, 17 O.O.3d 267, 268–270, 409 N.E.2d 253, 256–257.

Even if, upon remand, the law firm were to resubmit the motion with the requisite reference in the supporting affidavit, with the clients resubmitting their same opposition material, summary judgment premised on such unpaid bills would be erroneous. In general, the rule is that where the employment of an attorney is under an express, valid contract for an agreed fee, either for a specified amount or a specified percentage of a recovery, such contract is conclusive as to the amount of such compensation. See 6 Ohio Jurisprudence 3d (1978) 694, Attorneys at Law, Section 156. We note, however, that this case, as presented to the trial court, does not involve an agreed *fee*. While there was an agreement as to the hourly rate, the letter contract did not refer in any way to the number of hours to be expended. See *Jacobs v. Holston* (1980), 70 Ohio App.2d 55, 60, 24 O.O.3d 72, 75, 434 N.E.2d 738, 741–742. In that there is no agreed fee, the burden of proving that the time was fairly and properly spent and that a reasonable and customary number of hours were devoted to the clients' case is on the law firm as plaintiff. *Id.* Based on the agreement, however, the $150-per-hour rate need not be shown to be a reasonable rate.

Moreover, when construing the evidence most favorably to the clients for summary judgment purposes, their affidavit raises issues of fact as to other terms or conditions of the contract beyond the agreed hourly rate. The clients swear that they entered into the contract with the assurance of the law firm and on the condition that the $3,500 paid at the first pretrial would be the bulk of the fees necessary to resolve the case favorably. They also swear that they signed the agreement in reliance on the statements of the attorneys that the fees were recoverable from the opposing party in the case. With these assertions, a court cannot rule, as a matter of law, that the law firm is entitled to judgment in the amount of its unpaid bills.

## CONCLUSION

We therefore find the state of the record precluded summary judgment. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

Baird and Dickinson, JJ., concur.