JOURNAL ENTRY and OPINION
Defendant-appellant Gary Harris appeals from the trial court's order denying his motion for summary judgment and granting summary judgment instead in favor of plaintiff-appellee law firm of Kohrman, Jackson Krantz on its complaint. Appellee filed its complaint seeking payment of legal fees stemming from appellee's representation of appellant during federal criminal proceedings against him.
In his six assignments of error, appellant challenges the trial court's order on several grounds. Appellant asserts appellee failed to present enough evidence to prove its claims, the trial court misapplied the provisions of Civ.R. 56, the trial court misallocated the burden of proof, and the trial court rendered its decision on a basis not argued in the briefs in support of the motions.
This court has examined the record in light of appellant's assertions and determines that, upon the evidence presented, summary judgment for appellee was inappropriate. The trial court's order, therefore, must be reversed and this case remanded for further proceedings.
The record reflects appellant retained appellee for the purposes of defending him against criminal charges filed in federal court. Appellant paid appellee a retainer of $50,000 on June 18, 1996.
Appellee thereafter billed appellant for its services[1]
approximately every three months until the retainer was exhausted in December 1997. Subsequently, appellee billed appellant for its services on a monthly basis; however, appellant failed to pay.
The record further reflects appellee had negotiated a plea agreement with regard to the criminal charges against appellant in November 1997. By its terms, appellant received a prison sentence of "48 months."
Appellee filed the instant action against appellant in August 1998 seeking payment of the legal fees stemming from the federal court proceedings. Appellee alleged five causes of action against appellant, viz., breach of contract, failure to pay on an account, unjust enrichment, quantum meruit, and fraud. Appellee alleged the balance due from appellant was in the amount of $109,964.44.
Proceeding pro se, appellant answered the complaint with admissions that he had "retained [appellee] to represent him on the criminal case" and that he had agreed "to pay for costs" but with denials of the remainder of appellee's pertinent allegations.
Appellant also asserted a counterclaim against appellee. Therein, he alleged he had provided services to appellee in 1986 with regard to a malpractice action involving "Gasoil, Inc." but that appellee had failed to pay "the agreed upon fee" of $250,000 to appellant. Appellant further asserted that upon the commencement of the criminal proceedings against him, appellee "ratified its prior indebtedness to [appellant] by agreeing to represent [him] in the criminal case" with remuneration "up to the extent of the $250,000 indebtedness."
Subsequently, appellee filed a motion to dismiss appellant's counterclaim, arguing it was barred by the applicable statute of limitations. Appellant filed a pro se brief in opposition to the motion; nevertheless, the trial court granted appellee's motion. By that time, appellant had retained counsel to represent him in this case.
Approximately three months later, appellee filed a motion seeking summary judgment on its claims against appellant. In its brief in support of its motion, appellee argued since appellant had admitted the existence of a contract between the parties, and since appellee's billing records demonstrated it had performed its duties, it had provided evidence to support the first four counts of its complaint.[2]
Appellee attached to its motion several exhibits. They included the affidavit of its Director of Administration, which verified the following documents: (1) a copy of a bill addressed to appellant dated July 30, 1998 for a "total balance due" in the amount of $109,964.44 and (2) copies of the itemizations pertaining to appellant's account with appellee. Appellee attached as additional exhibits appellant's answers to both its requests for admissions and its interrogatories.
Appellant filed a brief in opposition to appellee's motion. Therein, appellant argued appellee's own evidence demonstrated issues of fact remained with regard to its claims. Appellant based his argument in large part upon his answers to appellee's requests for admissions and interrogatories. Appellant therefore also attached these documents to his brief as exhibits. Although appellee filed a reply brief, appellee neither challenged appellant's evidence attached to his brief nor provided any additional documentary evidence.
Appellee's motion still remained pending when appellant filed his own motion for summary judgment. Appellant argued in his supporting brief that appellee had failed both to dispute his claim of set-off and "to produce evidence of the hourly rate to which [appellant] allegedly agreed"; therefore, he was entitled to judgment on appellee's claims.
Appellee responded with a brief in opposition to appellant's motion. Attached to its brief as an exhibit was the affidavit of Marc C. Krantz, its Managing Partner. Krantz stated in relevant part that appellee never "agree[d] to pay a fee of $250,000 regarding Gasoil's land leases," that appellant's allegations "regarding Gasoil are false," and that appellee was "not indebted to [appellant]." Appellee also attached as an exhibit a copy of a document that purported to be the plea agreement entered into by appellant in the federal criminal matter.
The record indicates the trial court called for an oral hearing solely on appellee's motion.[3] During this hearing, the trial court questioned appellee's attorney with regard to the federal proceedings against appellant; however, the trial court did not request any evidentiary verification of counsel's answers. Appellant's counsel thereafter asserted his client's position disputing appellee's entitlement to the "fees that are in issue."
Following a discussion on the defense of "set-off," the trial court mentioned it was "concerned about the fact that there [was] nothing under oath before [it] by the [appellant] other than the Federal (sic) papers that ha[d] been supplied."
Appellant's counsel responded with the argument appellee had waived this issue; however, the trial court's reaction to the argument demonstrated it remained unconvinced. Thereafter, it issued its order denying appellant's motion for summary judgment and granting appellee's motion for summary judgment on the basis appellant "ha[d] not presented supporting statements under oath." The trial court's subsequent journal entry granting appellee judgment in the amount of $109,694.44 plus interest * * * plus costs" rendered its judgment final.
Appellant has filed a timely appeal of the trial court's order. He presents six assignments of error for this court's review; the first five follow:
ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN APPELLEE FAILED TO CARRY ITS BURDEN OF DEMONSTRATING THAT THERE WAS NO GENUINE ISSUE OF MATERIAL FACT AND THAT APPELLEE WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 ASSIGNMENT OF ERROR NO. II
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY PLACING THE BURDEN UPON THE NONMOVING PARTY IN CONNECTION WITH APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 ASSIGNMENT OF ERROR NO. III
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BASED UPON AN ARGUMENT THAT WAS NOT RAISED BY THE PARTIES.
 ASSIGNMENT OF ERROR NO. IV
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY REFUSING TO ALLOW APPELLANT TO OPPOSE APPELLEE'S MOTION FOR SUMMARY JUDGMENT UTILIZING THE EVIDENTIARY MATERIALS ATTACHED TO APPELLEE'S MOTION.
 ASSIGNMENT OF ERROR NO. V
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY BASING ITS DECISION TO GRANT SUMMARY JUDGMENT IN FAVOR OF APPELLEE ENTIRELY UPON MATTERS RAISED FOR THE FIRST TIME AT THE ORAL HEARING REGARDING THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT.
Appellant argues summary judgment for appellee on its complaint was improper. Appellant contends appellee did not sustain its burden pursuant to Civ.R. 56 and further contends the trial court unfairly limited its consideration of the evidence in making its determination. This court must agree.
In reviewing a motion for summary judgment, this court conducts a de novo review of the trial court's decision. A court reviewing the granting of a summary judgment must follow the standards set forth in Civ.R. 56(C) * * *. Aglinsky v. ClevelandBldrs. Supply Co. (1990), 68 Ohio App.3d 810. See, also, Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
When a court considers a motion for summary judgment, the moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to any material element of its claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. If the moving party does so, the non-moving party then has a reciprocal burden to produce evidence on any issue for which that party bears the burden of production at trial. Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385; see, also, Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108.
However, the nonmoving party is entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club
(1998), 82 Ohio St.3d 367, 369-70. It follows that, pursuant to the standard of Civ.R. 56, [i]f the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Dresher v. Burt, supra at 293.
Although Civ.R. 56(C) and (E) specify the types of evidence that ordinarily appropriately may be considered when determining a motion, appellant's second, third, fourth and fifth assignments of error essentially assert the trial court misapplied these sections of the rule in this case. A review of both the comments made by the trial court at the oral hearing and the stated basis for its decision to grant appellee's motion lend credence to appellant's assertion.
It is well settled that the failure to object to documentary evidence submitted by a party either in support of or in opposition to a motion for summary judgment waives any error in regard to the court's consideration of it. Rodger v. McDonald's Restaurants ofOhio, Inc. (1982), 8 Ohio App.3d 256; Forster v. Ohio Bureau ofWorkers' Compensation (1994), 102 Ohio App.3d 744; Lytle v. City ofColumbus (1990), 70 Ohio App.3d 99; Stegawski v. ClevelandAnesthesia Group, Inc. (1987), 37 Ohio App.3d 78; Tye v. Bd. of Edn. ofPolaris Joint Vocational School Dist. (1985), 29 Ohio App.3d 63, footnote 4; cf., Mootispaw v. Eckstein, supra.
In this case, appellee did not challenge appellant's responses to its discovery requests for his failure to attach to them his oath. Appellee instead both attached them to its motion as exhibits and, further, relied upon them as evidence to support its argument that it was entitled to judgment on its claims against appellant. Since these documents bore no verification under oath in appellee's use of them, appellant also could properly depend upon them as evidentiary materials in the case. Rodger v.McDonald's Restaurants of Ohio, Inc., supra.
The trial court's failure to permit appellant to do so not only was unfair but contravened its duties pursuant to Civ.R. 56 both to require appellee to sustain its burden and also to construe the evidence most strongly in appellant's favor.
A review of the evidence before the trial court, moreover, compels the conclusion appellee failed to demonstrate no genuine issues of material fact remained.
In order to prove its claims against appellant of breach of contract, unjust enrichment, account, and quantum meruit, appellee was required to provide evidence to demonstrate each element of one or more of these several causes of action was met. However, appellee did not do so.
While appellant acknowledged he had made an oral legal services agreement with appellee, his understanding of the terms of the agreement as expressed in his admissions and responses to appellee's interrogatories did not coincide with the amount of money appellee stated was due from appellant. Thus, the charges were disputed. Skidmore Assoc. Co., L.P.A. v. Southerland
(1993), 89 Ohio App.3d 177; Heller v. McLaughlin (Sept. 26, 1996), Cuyahoga App. No. 70072, unreported. Cf., Wilson v. Lynch LynchCo., L.P.A. (1994), 99 Ohio App.3d 760; Baer v. Woodruff (1996),111 Ohio App.3d 617, 620.
Compensation for services rendered by an attorney is generally fixed by contract prior to employment. Jacobs v. Holston (1980),70 Ohio App.2d 55. Once the attorney establishes a fiduciary relationship is created, he then bears the burden of establishingthe fairness and reasonableness of his fee. Id. at headnote 2 (emphasis added); see, also, Climaco, Seminatore, Deligatti Hollenbaugh v. Carter (1993), 100 Ohio App.3d 313; Gioffre v.Simakis (1991), 72 Ohio App.3d 424.
Notably absent from the record in this case is any evidence by affidavit or otherwise to support this element of appellee's relevant causes of action against appellant. Climaco, supra; cf.,Thompson, Hine Flory v. Pingue Properties, Inc. (Mar. 29, 1996), Franklin App. No. 95APE07-881, unreported. Moreover, each of the cases appellee has cited as authority to justify an award of summary judgment in its favor is distinguishable since the action had proceeded to trial and thus evidence had been adduced on the matter either by testimony or by stipulation of the parties. SeeHermann, Cahn Schneider v. Viny (1987), 42 Ohio App.3d 132;Stafford Assocs. v. Skinner (Oct. 31, 1996), Cuyahoga App. No. 68597, unreported; Brannon v. Barnard (Dec. 31, 1997), Montgomery App. No. 16693, unreported; Randolph v. Howard (May 11, 1994), Hamilton App. No. C-930274, unreported; see, also, Burke v.Gammarino (1995), 108 Ohio App.3d 138; Yoder v. Dellabona (Mar. 19, 1999), Lucas App. No. L-98-1326, unreported.
Furthermore, even had appellee provided evidence to prove every element of its claims, appellant asserted he was entitled to a recoupment on appellee's claims based upon the Gasoil matter.Monastra v. D'Amore (1996), 111 Ohio App.3d 296.
Appellant stated in his answers to appellee's interrogatories that obligations [to him] were incurred by Mr. Lee Khorman (sic) on behalf of [appellee]. Appellant intimated these obligations arose out of the same transaction, viz., the eventual payment appellant owed for appellee's representation of him in the federal criminal matter. Shresta v. Kaydan (May 6, 1999), Cuyahoga App. No. 74081, unreported.
Appellant's assertion thus was offered to reduce [appellee's] right to relief. Riley v. Montgomery (1984), 11 Ohio St.3d 75, syllabus 1. Appellee's Managing Partner denied appellant's assertions in his affidavit; however, his denials served only further to raise an issue of fact regarding appellant's defense of recoupment to appellee's claims against him. Monastra v. D'Amore, supra;Skidmore Assoc. L.P.A. v. Southerland, supra.
The trial court's action in this case is similar to that addressed in Heller v. McLaughlin, supra, in that it comes close to summary judgment by default. The trial court improperly granted appellee summary judgment in spite of appellee's failure to demonstrate no genuine issues of material fact existed as to its claims against appellant. Dresher v. Burt, supra.
Therefore, appellant's first five assignments of error are sustained.
Appellant sixth assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
Appellant argues that since appellee failed to sustain its burden to prove it was entitled to summary judgment on its claims, summary judgment for appellant was proper. However, as previously discussed, genuine issues of material fact remain in this case; hence, summary judgment is not warranted on the state of the record. Shresta v. Kaydan, supra; see, also, Skidmore Assoc.,L.P.A. v. Southerland, supra; Jacobs v. Holston, supra.
Accordingly, appellant's sixth assignment of error is overruled.
The order of the trial court granting summary judgment to appellee on its claims against appellant is reversed. This case is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and ANNE L. KILBANE, J. CONCUR
 _________________________ JUDGE, KENNETH A. ROCCO
[1] Appellee detailed the services it rendered on "Timeslip" Reports, which listed the date of the service, the service rendered, the attorney performing the service, and the cost of the service. Appellee charged $190 per hour.
[2] Appellee apparently abandoned the claim of fraud set forth in the fifth count of the complaint.
[3] No journal entry to this effect appears; however, a transcript of this hearing dated July 26, 1999 was filed in the trial court on September 17, 1999 and is included in the record on appeal.