[Cite as *A-M.R. v. Columbus City School Dist.*, 2015-Ohio-3781.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [A-M.R.], | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-1066 |
| v. | : | (C.P.C. No. 13CV-3491) |
| Columbus City School District et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 17, 2015

*Blumenstiel, Evans, Falvo & Blumenstiel, LLC,* and *Braden A. Blumenstiel,* for appellant.

*Michael M. Heimlich,* for appellee Columbus City School District.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, A-M.R., on behalf of her minor child, O.R., appeals from a final judgment of the Franklin County Court of Common Pleas that granted summary judgment to defendant-appellee Columbus City School District ("District") on her claim for tortious injury sustained by O.R. We conclude that the trial court erred in finding that the District had immunity to O.R.'s tort lawsuit without considering the evidence placed before it. We sustain Robinson's second assignment of error and do not consider her first assignment of error because sustaining the second assignment of error renders the first moot. The judgment of the trial court is reversed and the case is remanded.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  In 2008, students of Columbus Public Schools occupying Old Shady Lane Elementary School, located on the east side of Columbus, vacated the building in favor of a newly completed elementary school.  In 2010, the Old Shady Lane building reopened and was used as a temporary or "swing" space for elementary school students.

{¶ 3}  On May 16, 2012, O.R. was a fifth-grade student assigned to the Old Shady Lane building.  The old building did not have air conditioning so windows in the building were open.  O.R. asked the teacher if she might be excused so she could refill her water bottle.  Another student had preceded O.R. out of the classroom to use the facilities and had left the classroom door open as he exited the room.  The door to the classroom opened outward into the hallway.  As O.R. stepped into the door's threshold, a gust of wind caught the door and slammed it violently on her.  O.R. reflexively raised her hand in front of her face to avoid being struck by the door.  The door hit her upraised hand, and when this occurred a large pane of glass set in the top half of the door shattered.  The breaking glass sliced her wrist, causing damage to tendons and embedding fragments of glass in her wounds.

{¶ 4}  Despite emergency treatment and many stitches, the accident has left the area on O.R.'s wrist scarred and sensitive so that she cannot comfortably wear items on that wrist.  She has undergone physical and occupational therapy to restore flexibility and strength to her wrist.  She also experiences difficulty writing and suffers from intermittent numbness.

{¶ 5}  Records reflect that the pane of glass in the door had been replaced in March 2010.  The glass was discarded after being broken from the incident involving O.R.  However, in response to a question posed by the attorney for the District in a deposition, O.R. testified as follows:

Q.  This was just an ordinary glass pane in a door, right?

A.  Yes.

(O.R. Depo. 22.)  The attorney for the District elicited this testimony, did not object to it when it was elicited, did not object when it was filed in the summary judgment record, and also stated in its reply in support of summary judgment, "[t]he glass in the door at the time of [O.R.'s] accident is believed to be ordinary window glass and not safety glass."

(Reply Memorandum, 2-3.) In addition, the testimonies of O.R., O.R.'s mother, and the pictures of O.R.'s scars all provided evidence that the glass shattered and cut O.R. quite severely.

{¶ 6} On March 28, 2013, A-M.R. sued the District and several John Does (who were never identified) for damages concerning the incident. After discovery, on September 25, 2014, the District moved for summary judgment arguing that A-M.R. had no way of proving negligence by an employee. A-M.R. responded in opposition to the dispositive motion and attached several evidentiary exhibits to her response. Among those attachments was a deposition excerpt including the testimony of O.R. about how the glass broke and the fact that it was ordinary window glass. The District criticized some of A-M.R.'s photographs of the door as not accurately depicting the door at the time of the accident and noted that some of the statements made by O.R. and A-M.R. in deposition were hearsay as to what employees of the school told them. The District did not object to O.R.'s testimony regarding the accident or the type of glass in the window. In fact, as mentioned previously, in its reply in support of summary judgment, the District wrote: "The glass in the door at the time of [O.R.'s] accident is believed to be ordinary window glass and not safety glass." (Reply Memorandum, 2-3.)

{¶ 7} On December 2, 2014, the trial court found that there was an issue of fact to prevent a ruling that no employee of the District was negligent. However, the trial court nonetheless granted summary judgment to the District on the ground that "there [wa]s absolutely no evidence before the Court to show that the pane of glass was actually defective." (Decision and Entry, 6.[1]) The only materials mentioned or cited by the trial court as forming the basis of its factual recitation were the allegations in the complaint.

{¶ 8} A-M.R. now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 9} A-M.R. advances two assignments of error for our review:

[I.] The trial court erred when it granted appellee's motion for summary judgment based on an argument not asserted by appellee in the motion for summary judgment itself.

[II.] In the event the trial court was permitted to base its decision on an argument not asserted by appellee in the

---

[1] The trial court's dismissal was also expressly made effective as to the John Doe defendants.

> motion for summary judgment, the trial court erred when it determined there was no defect associated with the windowpane and the swinging door when appellant identified it as "ordinary glass" and appellee admitted it was "ordinary glass" (which violated the Ohio Building Code), there was a complete lack of inspection of the door or glass window, and there was no mechanical device attached to the door which could have slowed the rate of speed of the door as it swung closed on Appellant.

Because it is dispositive, we consider the second assignment of error first.

## III.  DISCUSSION

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Civ.R. 56(C).  In deciding whether this standard is met, the trial court must give the non-moving party "the benefit of all favorable inferences when evidence is reviewed for the existence of genuine issues of material facts."  *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 25.

{¶ 10}  When reviewing a trial court's decision on summary judgment, our review is de novo.  *Westfield Ins. Co. v. Hunter*, 128 Ohio St.3d 540, 2011-Ohio-1818, ¶ 12.

> **A.  Second Assignment of Error - Whether the Trial Court Correctly Concluded that the District was Entitled to Immunity Because no Evidence of a Defect was Presented**

> The Ohio Supreme Court has set forth a three-tiered analysis for determining whether a political subdivision is immune from civil liability. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28 (1998). Under the first tier, a political subdivision is granted broad immunity for any injury arising out of its governmental or proprietary functions. R.C. 2744.02(A)(1). "The immunity afforded to the political subdivision, however, is not absolute but instead is subject to five exceptions under R.C. 2744.02(B)." *Golden* [*v. Milford Exempted Village School Bd. of Edn.*, 12th Dist. No. CA2008-10-097, 2009-Ohio-3418], ¶ 10. Thus, the second tier of the analysis focuses on the exceptions to immunity set forth in R.C. 2744.02(B)(1)-(5). *Id.* "Finally, in the third tier of the analysis, if an exception exists, immunity can be reinstated if the political subdivision can

successfully argue that one of the defenses set forth in R.C. 2744.03(A) applies." *Id.*, citing *Cater* at 28. However, the defenses found in R.C. 2744.03 "do not come into play until after it is proven that a specific exception to general immunity applies under R.C. 2744.02(B)." *Id.* at 12.

*J.H. v. Hamilton City School, Dist.*, 12th Dist. No. CA2012-11-236, 2013-Ohio-2967, ¶ 9.

{¶ 11} In this case, the parties agreed that the District was presumptively granted immunity under R.C. 2744.02(A)(1) as a political subdivision. The dispute therefore centered on the second tier of the analysis, whether the exceptions to immunity applied to deprive the District of immunity in this particular case. Specifically, A-M.R. argued that the District was deprived of immunity by operation of R.C. 2744.02 which provides, in relevant part:

> (B) [A] political subdivision is liable in damages in a civil action for injury * * * allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
> * * *
>
> (4) [P]olitical subdivisions are liable for injury * * * that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function * * *.

{¶ 12} Though the parties' arguments mainly concerned whether there was evidence of negligence by school employees, the trial court's decision ultimately centered on whether there was a genuine question as to the presence of "physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function." R.C. 2744.02(B)(4).

{¶ 13} Ohio Adm.Code 4101:1 contains the Ohio Building Code. Ohio Adm.Code 4101:1-24 addresses "glass and glazing." Section 2401.2 of Ohio Adm.Code 4101:1-24 requires that replacement glass conform to the specifications required for new

installations.[2] Ohio Adm.Code Section 2406.4 requires that safety glazed glass be used in "hazardous locations" and specifically lists "swinging doors" with glass in them as such a hazard.[3] Here, the undisputed evidence was that the glass that cut and injured O.R. was installed in a swinging door, having last been replaced by the District in March 2010.

{¶ 14} A violation of a building code is not negligence per se, nor does it raise an irrebuttable presumption of negligence, but it may constitute strong evidence of negligence or a dangerous condition. *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, ¶ 21; *Chambers v. St. Mary's School*, 82 Ohio St.3d 563 (1998), syllabus; *Dunaway v. Sidney*, Shelby C.P. No. 11CV000147 (Nov. 28, 2011) (holding that facts that would allow a jury to conclude that a political subdivision violated the Ohio Building Code create a genuine issue of fact sufficient to defeat immunity under R.C. 2744.02(B)(4) and preclude summary judgment). Thus, the key question was whether A-M.R. had raised a genuine factual question as to the type of glass installed in the door that struck O.R.

{¶ 15} The trial court analyzed the issue as follows:

> After reviewing the arguments of the parties, the Court is inclined to rule in Defendant's favor, but not for the reasons that the parties would initially think. Both Plaintiff and Defendant spend a great deal of time arguing in their briefs as to the issue of whether an employee of Defendant was negligent in relation to [O.R.'s] injury. In regards to this issue, the Court finds that there is an issue of fact that would prevent the Court from ruling that no employee of Defendant was negligent. The problem with Plaintiff's claim, however, is that there is no proof * * * that [O.R.'s] injury resulted from a defect in the property.
>
> This decision is based upon the fact that Plaintiff has presented no evidence that the pane of glass in question was defective. In her Memorandum Contra, Plaintiff argues that the Ohio Building Code requires that safety glass be installed in doors such as the one involved in this case. Plaintiff argues that after the accident, Defendant disposed of the glass from

---

[2] The version of Section 2401.2 of Ohio Adm.Code Chapter 4101:1-24 that was active when the window was replaced in 2010 was identical to the current version.

[3] Ohio Adm.Code Chapter 4101:1-24 contained the same language regarding hazardous locations in 2010 when the window was replaced and in 2012 when the incident occurred, except in 2010 the requirement was contained in Section 2406.3 rather than 2406.4.

> the shattered pane of glass. Plaintiff then goes on to argue that while she does not know what type of glass was in the door on the date of [O.R.'s] accident, due to spoliation of evidence, i.e. the disposing of the glass, the Court must infer that the glass was not safety glass and hence, defective.

(Decision and Entry, 5.)  The trial court analyzed spoliation and concluded that it could not make an inference that the glass was defective based on spoliation.  Then, the court concluded, "there is absolutely no evidence before the Court to show that the pane of glass was actually defective." (Decision & Entry, 6.)

> Civ.R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment. The failure of a trial court to comply with this requirement constitutes reversible error.

*Murphy v. Reynoldsburg*, 65 Ohio St.3d 356 (1992), paragraph one of the syllabus.  More explicitly, when "a court has failed to consider a deposition properly before it in rendering summary judgment it commits error which is, per se, prejudicial and renders the judgment erroneous as a matter of law."  *Kramer v. Brookwood Retirement Community*, 1st Dist. No. C-920182 (Aug. 4, 1993).  The trial court's decision provides no indication that the trial court examined O.R.'s deposition testimony or any of the materials attached to A-M.R.'s memorandum in opposition to summary judgment.  The only materials cited by the trial court as sources for facts or evidence offered by plaintiff/appellant in opposition to summary judgment are the allegations in the complaint.

{¶ 16} While a trial court is permitted to exclude materials from consideration in summary judgment, it must do so pursuant to Civ.R. 56(E).  This rule provides, in relevant part, that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." This court has stated:

> When ruling upon a motion for summary judgment, a trial court only considers admissible evidence. *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 631, fn. 4 ("Only facts which would be admissible in evidence can be * * * relied upon by the trial court when ruling upon a motion for summary judgment"); *Nationwide Life Ins. Co. v.*

> *Kallberg*, Lorain App. No. 06CA008968, 2007-Ohio-2041, at ¶ 20; *Molnar v. Klammer*, Lake App. No. 2004 L 072 CA, 2005-Ohio-6905, at ¶ 65; *Brady-Fray v. Toledo Edison Co.*, Lucas App. No. L-02-1260, 2003-Ohio-3422, at ¶ 30.

*Guernsey Bank v. Milano Sports Ents., L.L.C.*, 177 Ohio App.3d 314, 2008-Ohio-2420, ¶ 59 (10th Dist.); *see also Cunningham v. Children's Hosp.*, 10th Dist. No. 05AP-69, 2005-Ohio-4284, ¶ 18 ("A trial court does not abuse its discretion in disregarding an expert's affidavit that does not set forth the information required to qualify the affiant to give expert testimony."). However, this court has repeatedly held that " '[i]f a party does not object in the trial court to the introduction of evidence submitted in support of, or in opposition to, a motion for summary judgment, that party waives any error and, thus, cannot raise such error on appeal.' " *Bradley v. Ohio Dept. of Transp.*, 10th Dist. No. 13AP-918, 2014-Ohio-3205, ¶ 21, quoting *Timberlake v. Jennings*, 10th Dist. No. 04AP-462, 2005-Ohio-2634, ¶ 14; *see also Churchwell v. Red Roof Inns, Inc.*, 10th Dist. No. 97APE08-1125 (Mar. 24, 1998) ("Failure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment, waives any error in considering that evidence under Civ.R. 56(C).").

{¶ 17} O.R.'s testimony on the topic of the glass type (safety versus ordinary glass) was actually elicited by defendant's counsel. The attorney for defendant asked O.R. in the deposition, "[t]his was just an ordinary glass pane in a door, right?" O.R. responded, "Yes." (O.R. Depo, 22.) The defense attorney did not object to his own question or O.R.'s competence at the time when he asked the question nor did he move to strike the answer. When responding to defendant's motion for summary judgment, plaintiff attached excerpts of O.R.'s deposition testimony, including the exchange just quoted. Once again, defendant did not object or move to strike. Defendant criticized plaintiff's photographs of the door as not accurately depicting the door at the time of the accident and noted the impropriety of hearsay statements made by O.R. and O.R.'s mother about what employees of the school told them. But, as to O.R.'s testimony about the glass, defendant said nothing. In fact, far from seeking to exclude the deposition testimony about the glass, in its reply in support of summary judgment, defendant said, "[t]he glass in the door at the time of [O.R.]'s accident is believed to be ordinary window glass and not safety glass."

(Reply Memorandum, 2-3.)  The trial court engaged in no evidentiary analysis and stated no reasons for failing to consider O.R.'s testimony or any of A-M.R.'s other submissions. Rather, the trial court only referred to allegations in the complaint for its recitation of facts and then simply stated that "there is absolutely no evidence before the Court to show that the pane of glass was actually defective." (Decision and Entry, 6.)

{¶ 18} This court has held that a trial court, even in the absence of objections, has discretion whether to consider evidence of types not specifically addressed in Civ.R. 56(C).  *Open Container, Ltd. v. CB Richard Ellis, Inc.*, 10th Dist. No. 14AP-133, 2015-Ohio-85, ¶ 11.  However, depositions are specifically included among the permitted evidence types in Rule 56(C).  *See* Civ.R. 56(C) (listing valid summary judgment record materials as "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact").  Although in this case only excerpts of depositions (rather than full transcripts) were filed with the trial court, Civ.R. 32(A)(4) permits the introduction of an excerpt unless the other party objects, in which case all parts of the deposition relevant to the excerpt must also be introduced. Here, as already mentioned, defendant offered no objection to the introduction of the excerpts.

{¶ 19} We find that the trial court failed, without explanation, to consider the materials submitted by A-M.R., including O.R.'s testimony about the type of glass that wounded her.  Accordingly, the trial court erred when it determined that there was no evidence of a defect without considering the evidence before it or providing a valid justification for failing to consider that evidence.

{¶ 20} A-M.R.'s second assignment of error is sustained.

## B. First Assignment of Error - Whether the Trial Court Erred in Deciding Summary Judgment on an Argument not Raised by the Defendant

{¶ 21} A-M.R. argues that the trial court decided summary judgment on a ground that was never raised by the parties.  Because we have sustained an error requiring reversal with respect to A-M.R.'s second assignment of error, the first is now moot.  Thus, we consider it no further.

## IV. CONCLUSION

{¶ 22} Accordingly, we sustain A-M.R.'s second assignment of error and render her first assignment of error moot. The trial court in its decision evinced no information that it had considered A-M.R.'s evidentiary submissions. Nor did it provide in its decision an explanation for failing to consider them. We therefore reverse and remand the trial court's decision on summary judgment to the Franklin County Court of Common Pleas for proceedings consistent with this decision.

*Judgment reversed and*
*cause remanded.*

DORRIAN, J., concurs in judgment only.
SADLER, J., dissents.

DORRIAN, J., concurring in judgment only.

{¶ 23} On the facts of this case, and in judgment only, I concur.

{¶ 24} In its analysis of the facts, the trial court only referred to allegations in the complaint. Furthermore, there is no indication or explanation for rejecting the materials submitted by appellant in response to appellee's motion for summary judgment. Therefore, I agree that it appears that the trial court did not consider appellant's materials.

{¶ 25} With this in mind, as well as appellee's lack of objections, I agree to remand this case and to direct the trial court to consider appellant's materials. On remand, the trial court, in its discretion, may determine whether to accept or reject the same.

{¶ 26} Therefore, I would sustain appellant's second assignment of error to the extent outlined in this concurrence in judgment only.

SADLER, J., dissenting.

{¶ 27} Because I disagree with the majority's disposition of the second assignment of error and because I believe that the trial court did not err in granting summary judgment to appellee ("district"), I would affirm the judgment of the trial court. Because the majority does not, I respectfully dissent.

**Appellant's First Assignment of Error**

{¶ 28} Due to my view of this case, I must address the first assignment of error.  In her first assignment of error, appellant contends that the trial court erred when it granted summary judgment on the basis of an argument that was not raised in the district's motion.  Citing *Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988), appellant claims that the trial court denied her a meaningful opportunity to oppose the district's motion for summary judgment when it ruled that she did not present evidence "that the pane of glass was not safety glass and therefore, defective."  (Dec. 2, 2014 Decision, 6.)  I disagree.

{¶ 29} In *Mitseff*, decedent's estate brought a wrongful death action against a social host who allegedly provided alcohol to a minor.  The minor subsequently drove his vehicle into another vehicle, killing decedent.  The trial court granted summary judgment in favor of the social host.  In the appeal from the trial court judgment, the social host argued, for the first time, that there was no evidence the minor was negligent.  The court of appeals adopted the new argument in affirming the trial court judgment.  The Supreme Court of Ohio noted that the arguments made by the social host in the motion for summary judgment were confined to its duty to the victim and whether its conduct proximately caused the victim's death.  In reversing the court of appeals, the *Mitseff* court held that the court of appeals erred when it affirmed the trial court judgment on grounds that were not argued in the motion for summary judgment.  The Supreme Court reasoned that requiring the moving party to be specific as to the grounds upon which it seeks summary judgment provides the nonmoving party with "the information needed to formulate an appropriate response as required by Civ.R. 56(E)."  *Id.* at 115.

{¶ 30} In this case, there is no dispute that the specific defense asserted by the district's motion for summary judgment was its immunity under R.C. 2744.02(B)(4).  That section states:

> [P]olitical subdivisions are liable for injury * * * to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, *and is due to physical defects within or on the grounds of, buildings* that are used in connection with the performance of a governmental function.

(Emphasis added.)

{¶ 31} The primary argument made by the district in its motion for summary judgment was that appellant "has no evidence to support the conclusion, that *any negligent act* by any employee of the Columbus City Schools caused the door to shut *or caused [O.R.] to be injured*." (Emphasis added.) (Oct. 1, 2014 Motion for Summary Judgment, 3.) In addressing the district's primary argument in its memorandum in opposition, appellant argued that the district "negligently failed to inspect, maintain, and/or repair the door *and glass window* involved in [O.R.'s] accident in violation of ORC § 2744.02(B)(4)." (Emphasis added.) (Nov. 4, 2014 Memorandum Contra, 6.) As legal support for her argument, appellant cited *Talcott v. Sheffield-Sheffield Lake Bd. of Edn.*, 8th Dist. No. 51372 (Nov. 20, 1986), wherein the appellate court upheld a damage award against a local board of education for injuries to a student that were caused by a plate glass door panel that should have contained safety glass.

{¶ 32} Appellant cites the provisions in the Ohio Building Code which require the use of safety glazed glass in swinging doors, and she produced evidence that the district replaced the glass pane in March 2010. Appellant attached several pages from O.R.'s deposition transcript and photographs of her injury in order to provide some evidentiary support for her claim that ordinary plate glass caused O.R.'s injuries.

{¶ 33} The facts herein differ from the facts in *Mitseff.* Though the district's summary judgment motion focuses primarily on an alleged defect in the closing mechanism of the door, the motion raises the defense of statutory immunity under R.C. 2744.02(B)(4) and argues that appellant produced no evidence to support the conclusion that any negligent act by the district's employees caused O.R.'s injury. Appellant argued in opposition to the summary judgment motion that, in 2010, the district should have replaced the glass pane with safety glazed glass. She also submitted evidentiary materials that she believed would support that argument.[4] Thus, the record shows that appellant was not deprived of the opportunity to raise the argument that ordinary glass caused O.R.'s injury. Consequently, I do not believe that appellant was unfairly prejudiced when

---

[4] Although appellant now complains that the district failed to answer interrogatories and document requests that could have led to the discovery of admissible evidence of a defect, appellant did not move the trial court to compel discovery or request a continuance of the hearing on the district's motion for summary judgment so that such evidence could be obtained. Civ.R. 39 and 56(F).

the trial court granted summary judgment to the district on a basis that appellant produced no evidence that the glass was defective.

{¶ 34} The Twelfth District Court of Appeals reached a similar conclusion in *Hunter v. Wal-Mart Stores, Inc.*, 12th Dist. No. CA2001-10-035, 2002-Ohio-2604. In *Hunter*, the court upheld summary judgment in favor of a department store in a negligence action brought by a store patron who slipped and fell on a gooey substance on the floor. The court determined that the store's failure to specifically address its lack of constructive notice in its summary judgment motion did not preclude the trial court from granting the motion on that basis. *Id.* at ¶ 13. Because the patron had specifically addressed the question whether the store had constructive notice in her memorandum in response to motion for summary judgment, the court reasoned that the trial court ruling had not deprived the patron of a meaningful opportunity to address the issue. *Id.* In so holding, the court stated that "[t]his case differs from *Mitseff*." *Id.*

{¶ 35} Because this case is also distinguishable from *Mitseff*, I would overrule appellant's first assignment of error.

**Appellant's Second Assignment of Error**

{¶ 36} In her second assignment of error, appellant argues that the trial court erred when it granted summary judgment in favor of the district because of appellant's failure to present evidence of a defect on the premises. The majority finds that the trial court committed reversible error by disregarding O.R.'s deposition testimony in reaching its conclusion that "there [was] absolutely no evidence before the Court to show that the pane of glass was actually defective." (Dec. 2, 2014 Decision, 6.) Because I believe that the trial court did not abuse its discretion when it disregarded excerpts from a deposition that was not properly filed in the trial court, I would overrule appellant's second assignment of error.

{¶ 37} In *Hayes v. Columbus,* 10th Dist. No. 13AP-695, 2014-Ohio-2076, this court discussed the propriety of a trial court's decision to consider unfiled deposition excerpts offered in opposition to a motion for summary judgment. We set forth the general rule regarding consideration of such depositions as follows:

> Generally, before a deposition may be considered as acceptable evidence under Civ.R. 56(C), the following three requirements must be satisfied: (1) the transcript must be

> filed with the court or otherwise authenticated; (2) the deponent must sign the deposition or waive signature; and (3) there must be court reporter certification. *Bank of New York Mellon Trust Co. v. Unger,* 8th Dist. No. 97315, 2012-Ohio-1950, ¶ 43, citing Civ.R. 30(E) and (F). Although plaintiffs did not file the transcript of the depositions with the court, or otherwise authenticate the excerpts of the deposition which were attached to their memorandum contra, because [defendant] did not object to the improperly submitted deposition excerpts, the trial court properly exercised its discretion to consider those deposition excerpts when ruling on the motion for summary judgment. *See Christie v. GMS Mgt. Co.,* 124 Ohio App.3d 84, 90, 705 N.E.2d 691 (9th Dist.1997), citing *Skidmore & Assoc. Co. v. Southerland,* 89 Ohio App.3d 177, 179, 623 N.E.2d 1259 (9th Dist.1993).

*Id.* at ¶ 37.

{¶ 38} *Hayes* stands for the proposition that a trial court has the discretion to consider evidentiary materials outside of Civ.R. 56(C) where the opposing party does not object. *See also Al-Najjar v. R & S Imports, Inc.,* 10th Dist. No. 99AP-1391 (Aug. 29, 2000), fn. 1. By the same token, a trial court is not required to consider an uncertified deposition in ruling on a motion for summary judgment simply because the opposing party does not object. *Bell v. Holden Surveying, Inc.,* 7th Dist. No. 01 AP 0766, 2002-Ohio-5018, ¶ 20, citing *Trimble-Weber v. Weber,* 119 Ohio App.3d 402, 407 (11th Dist.1997). The Court of Appeals in *Bell* held as follows:

> [I]t is within the trial court's discretion to consider nonconforming evidence when there is no objection. * * * Therefore, a trial court is permitted to sua sponte determine that the documentation attached to the summary judgment is not in conformity with the requirements of Civ.R. 56(C). *When a trial court determines that it will not consider nonconforming evidence, that decision is not an error unless the trial court acted in an unreasonable, unconscionable, or arbitrary manner.*

(Emphasis added.) *Id.* at ¶ 22.

{¶ 39} Following the logic in *Bell,* the Third District Court of Appeals in *Armaly v. Wapakoneta,* 3d Dist. No. 2-05-45, 2006-Ohio-3629, expressly rejected the contention that a trial court abuses its discretion by failing to consider nonconforming evidence in

ruling on a motion for summary judgment simply because the opposing party does not object. *Id.* at ¶ 22.

{¶ 40} *In Royce v. Yardmaster, Inc.*, 11th Dist. No. 2007-L-080, 2008-Ohio-1030, the court of appeals held that it was not an abuse of discretion for the trial court to disregard an unfiled deposition when granting summary judgment for the moving party. In so holding, the *Royce* court engaged in the following analysis:

> Initially, we note that these depositions were never filed with the court, and appellant did not include with the excerpts the court reporter's certification for either deposition. These unauthenticated excerpts were attached to appellant's brief in opposition to summary judgment, so we must presume the trial court was aware of their existence. However, *because the court did not refer to them in its judgment entry and awarded summary judgment to appellee, we must presume the court disregarded them.*
>
> * * *
>
> We therefore hold that because appellant failed to file the entire transcripts or to include the court reporter's certification of them with the excerpts, the trial court properly exercised his discretion in disregarding them.

(Emphasis added.) *Id.* at ¶ 35, 38.

{¶ 41} " 'A general principal of appellate review is the presumption of regularity; that is, a trial court is presumed to have followed the law unless the contrary is made to appear in the record.' " *Giffin v. Crestview Cadillac*, 10th Dist. No. 09AP-278, 2009-Ohio-6569, ¶ 33, quoting *Tonti v. E. Bank Condominiums, LLC*, 10th Dist. No. 07AP-388, 2007-Ohio-6779, ¶ 26. O.R.'s deposition transcript was not filed with the trial court, the excerpts are not authenticated, there is no evidence of O.R.'s signature or a waiver of signature, and the excerpts do not indicate court reporter certification. Thus, the deposition excerpts are not acceptable evidence under Civ.R. 56(C). *Hayes.* Because the excerpts were attached as an exhibit to appellant's memorandum in opposition to the district's motion for summary judgment, we must presume that the trial court was aware of their existence. Under the prevailing case law, the district's failure to object to the deposition excerpts means that the trial court had the discretion to either consider the

excerpts or disregard them.  *Hayes*; *Bell*; *Armaly*; *Royce*.  Here, as was the case in *Royce*, the trial court granted summary judgment without mentioning the deposition excerpts.

{¶ 42} In my view, this court must presume from the trial court's silence that it chose to disregard the excerpts of O.R.'s deposition.  *Id.*  There is no basis in this record to conclude that the trial court's decision was unreasonable, arbitrary, or capricious. Because the majority presumes trial court error from a silent record, I cannot agree with the majority decision.

{¶ 43} Moreover, O.R. merely responded in the affirmative when she was asked if there was "ordinary glass" in the door.  (O.R. Depo. 22.)  Even if this testimony could be construed as an assertion that the door did not contain safety glazed glass, the deposition excerpt contains no foundation upon which it can be inferred that O.R. is competent to render an opinion as to the type of glass that caused her injury.  *See* Evid.R. 701.[5]  Thus, O.R.'s opinion testimony is insufficient to create an issue of fact regarding the existence of a defect.  *See Maynard v. Winters*, 5th Dist. No. 2012 AP 05 0035, 2012-Ohio-6286 (in tenant's action against landlord for injuries caused by a plate glass storm door, evidence that landlord had 30 years experience as a carpenter and had previously hung storm doors and storm windows was insufficient to raise a factual issue whether the landlord knew or should have known that the storm door contained plate glass rather than safety glass); *Odom v. Davis*, 4th Dist. No. 02CA43, 2003-Ohio-3316 (in tenant's action against landlord to recover for injuries sustained when a plate glass shower door shattered, evidence that landlord had been a professional real estate businessperson for approximately 40 years, that he personally managed approximately 50 rental properties, and that he has owned commercial rental property was not sufficient to give rise to an inference that the landlord possessed knowledge of the fact that the shower door was made of plate glass).

{¶ 44} Therefore, I would overrule appellant's second assignment of error.

{¶ 45} For the foregoing reasons, I would affirm the judgment of the trial court.

---

[5] Evid.R. 701 provides: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."